## Foley v. Commonwealth.

(Decided January 12, 1923.)

### Appeal from Pike Circuit Court.

1.  Criminal Law—Arrest on Charge of Drunkenness—Evidence.—Evidence of an officer that defendant seemed to be intoxicated but that he was not "acting drunk" and he did not see him drinking and when he rode up on his horse he could not tell he was drinking, but that he did smell whiskey on him when he approached him where he was sitting on his horse, did not authorize the arrest of the defendant upon the charge of drunkenness without a warrant.

2.  Criminal Law—Disorderly or Unlawful Act—Evidence.—Evidence by an officer that defendant made a dive towards his pocket, and made a "suspicious move" is too vague and indefinite to convey the idea with any degree of certainty that defendant contemplated any disorderly or unlawful act by placing or starting to place his hand in his pocket, in the absence of evidence that he actually placed his hand in his pocket and drew or attempted to draw a weapon, or used violent or insulting language or uttered some threat.

3.  Criminal Law—Unauthorized Arrest—Evidence.—Evidence disclosed by an unauthorized arrest and subsequent search, is incompetent.

L. J. MAY, for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—Reversing.

Appellant was indicted charged with carrying concealed a deadly weapon upon his person, and on his trial was found guilty. His application for a new trial was denied and he has appealed.

There was only one witness for the Commonwealth, and the competency of his testimony is the only thing necessary to be considered.

The witness was a deputy sheriff and claims to have had a search warrant authorizing him to search certain persons whom he found at a Baptist Association meeting on John's creek in Pike county. There is no claim that appellant's name was embraced in the search warrant, but when the officer found certain persons whose names were in it, appellant was also present, and the officer also proceeded to arrest and search him, and such search disclosed a pistol in his hip pocket and is the only evidence of defendant's guilt.

It being admitted the officer had no search warrant authorizing him to search appellant, the question is whether under the evidence appellant committed a public offense in the presence of the officer which authorized him to make the arrest; for if the arrest was lawful the right to make the search necessarily followed. But if appellant had not been guilty of a public offense in the presence of the officer which authorized the latter to arrest him, then in the absence of a search warrant both the arrest and the subsequent search were unlawful and the evidence so disclosed incompetent.

The substance of the testimony of the deputy sheriff is that he had a search warrant for several persons other than appellant and that when he came up to where such persons were appellant was in the crowd. "And he happened to be along, and he seemed to be intoxicated and I thought it was best to search him also, and I started to do so and he made a dive towards his pocket and I said 'Stop,' and I searched him." Subsequently in his evidence he states that he first arrested and then searched him, and he likewise materially modified his above quoted statement that appellant "seemed to be intoxicated."

On his cross-examination the witness stated that he did not see appellant drinking; that he was not acting drunk, and that at the time they rode up he could not tell that he was drinking; but that when he went up to

appellant, who was sitting on his horse, he could smell whiskey on him.

A fair interpretation of this evidence makes it reasonably clear that appellant was not at the time drunk; the witness only says in the first place that he "seemed" to be intoxicated and later admits that when he rode up he could not tell that he was drinking, that he did not see him drink anything and that he was not acting drunk, and the only thing about which he is positive is that he smelled whiskey on him when he approached him sitting on his horse. In this situation we have no hesitancy in holding there was no evidence whatever of intoxication in the presence of the officer and, so far as that ground is concerned, the arrest was unauthorized.

It only remains to determine whether appellant was guilty of a breach of the peace in the presence of the officer which authorized his arrest. The evidence of the witness on this subject is that "He made a dive towards his pocket," and in another place, referring to the same time, "He made a suspicious move."

The question seems to be whether one may not place his hand in his pocket in the presence of an officer, which action the latter construes to be "a suspicious move," without subjecting himself to arrest and search by the officer?

In the first place the statements of the witness are too vague and indefinite to convey the idea with any degree of certainty that appellant even contemplated any disorderly or unlawful act by placing or starting to place his hand in his pocket, and the fact that the officer may have construed it to be "a suspicious move" cannot, in the absence of more definite statements, be accepted as convincing of a belligerent purpose upon the part of appellant.

There was no evidence that defendant actually placed his hand in his pocket or that he drew or attempted to draw a weapon, or that he used any violent or insulting language or uttered any threat. Men carry many things in their pockets besides pistols, and it would be a gross perversion of the spirit of our laws to say that a citizen may not place his hand in his pocket in the presence of an officer—there being no convincing evidence of a purpose upon his part to draw a weapon—without being subjected to an arbitrary arrest by the officer upon an apparently unfounded suspicion that he intended a breach of the peace.

Our conclusion is that under the evidence in this case appellant was guilty of no public offense in the presence of the officer, and therefore his arrest was unlawful and the search thereafter made unauthorized. It follows from this that the evidence was wholly incompetent.

The judgment is reversed, with directions to grant appellant a new trial and for further proceedings consistent herewith.