## Newton v. Commonwealth.

(Decided April 20, 1923.)

### Appeal from Pulaski Circuit Court.

1. Criminal Law—Conviction for Selling Liquor Bars Prosecution for the Possession of the Liquors at Time of Sale.—Though Acts 1920, chapter 81, makes the sale and possession for sale of intoxicating liquor separate offenses, if committed at different times, even if the same liquor is involved in both transactions, the possession of liquor at the time of the sale as a necessary incident thereto is not a separate and distinct offense from the sale, so that, after conviction for the sale, defendant cannot be convicted on the same evidence for possession at the time he made the sale under Constitution, section 13, providing that, no person shall be placed in jeopardy twice for the same offense.

2. Criminal Law—Prosecution Cannot Split Single Transaction Into Separate Offenses, and Must Elect Between Two Offenses Proved; Conviction of one Offense is Bar to Prosecution for Another Offense in Same Transaction.—The Commonwealth may not split a single act or transaction into two or more separate offenses, but where the single criminal act or transaction is sufficient to prove more than one offense an election must be made and a conviction or acquittal upon one charge is a bar to another prosecution based solely on the same act or transaction.

3. Criminal Law—Act Common to Two Offenses, Each Containing Different Additional Elements, Does not Make Single Offense.—The rule that a single act or transaction cannot be split into separate offenses does not apply, where a single act is common to two offenses, but each contains additional elements not common to the other.

4. Criminal Law—Different Parts of Continuous Transaction, Which are Separate Offenses, May be Separately Prosecuted.—The rule that a single transaction cannot be split into separate offenses is not necessarily applicable, if different parts of one continuous transaction or series of acts are separate offenses and can be separately proved.

5.  Criminal Law—Conviction Under One Indictment Bars Prosecution Under Others, Covered by Same Evidence.—Even where several indictments charged the same person with separate and distinct offenses of the same kind, a conviction or an acquittal upon one is a bar to prosecution upon the others, if the evidence for the Commonwealth in the first case covers the several separate acts.

6.  Criminal Law—Former Jeopardy Can be Raised by Request for Peremptory Instruction After Pleading in Bar.—After accused has filed a plea in bar of former jeopardy, as provided by Criminal Code of Practice, section 164, he may raise the question by motion for peremptory instruction at the conclusion of the evidence, though such motion in insufficient to raise the question, where no plea had been filed.

WM. WADDLE for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

Upon the evidence of C. A. Shoun that in January, 1922, he bought of S. Newton one pint of liquor, the latter was indicted both for the sale and for having the same liquor in his possession for the purpose of sale. He was tried and convicted for the sale, and upon his trial in this case for having the same liquor in his possession for the purpose of sale, in which he was also convicted, he plead the former conviction as a bar.

The only question raised by this appeal is whether or not the trial court erred in overruling this plea.

The evidence for the Commonwealth upon both trials was the same, and consisted solely of the testimony of Shoun, which in substance was that he bought one pint of liquor from the defendant, that he never saw defendant have any other liquor, and only saw the pint as it was handed to him when he bought it. Besides, it was stipulated upon the trial ''that the Commonwealth did not show, and cannot show, any other liquor in the possession of the defendant than the pint aforesaid.''

Our Constitution, as do most if not all others, provides in section 13 that no person shall be placed in jeopardy twice ''for the same offense.'' Although denounced by the same section of chapter 81 of the 1920 Acts, the two offenses of selling and possessing for sale are unquestionably separate and distinct offenses if committed at different times, even though the same liquor is involved in both transactions, but the narrow question now before us is: Is such possession at the time of

the sale, as is necessarily an incident thereto, a separate and distinct offense from the sale? We think not, for if so, then every sale is necessarily two separate offenses against the same sovereignty under a single statute.

Among the many rules that have been formulated by this court and others to assist in determining whether or not one or more prosecutions may be based upon a single act or transaction, one often approved by this court is that the Commonwealth may not split a single act or transaction into two or more separate offenses, but where the single criminal act or transaction is sufficient of itself to prove more than one offense, an election must be made and a conviction or acquittal upon one charge is a bar to another prosecution based solely upon the same act or transaction. Hughes v. Commonwealth, 131 Ky. 502, 115 S. W. 744, 31 L. R. A. (N. S.) 693, and note.

But this rule is not applicable where a single act is common to two offenses, but each contains additional elements not common to the other. For instance, the decisions are practically unanimous in holding that a conviction for a sale of liquor to a minor will not bar a prosecution for a sale without a license or in violation of a local option, or other regulatory law, based primarily but not solely upon the same sale, because each offense contains elements that must be proven, which are wholly immaterial in proof of the others.

Neither is this rule necessarily applicable if different parts of one continuous transaction or series of acts are separate offenses and can be separately proved, such as forging a paper and uttering it, or registering illegally as a voter, and making a false affidavit in order to register where the accused might have registered without making the oath. Hughes v. Commonwealth, *supra,* and cases cited therein.

But even where several indictments charge the same person with separate and distinct offenses of the same kind, we uniformly have held that a conviction, or an acquittal, upon one is a bar to the others if the evidence for the Commonwealth in the first case covers the several separate acts. Scarf v. Commonwealth, 195 Ky. 830, 243 S. W. 1034. The rule as stated in that case, upon many authorities there cited, is that:

"When the facts necessary to convict on the second prosecution would necessarily have convicted on the first, a final judgment on the first prosecution will bar a second one."

These rules, in our judgment, are applicable to the facts here, since proof of the sale charged in one indictment also necessarily proved the possession charged in the other, and they did not therefore charge separate and distinct offenses. It follows as a consequence that by the two trials defendant was placed in jeopardy twice for the same offense.

But counsel for the Commonwealth also insist the trial court did not err in overruling the plea in bar because not properly raised, although appellant filed such a plea as provided by section 164 of the Criminal Code, and at the conclusion of the evidence moved for a preemptory. This contention is based upon a statement made in Foley v. Commonwealth, 197 Ky. 227, 246 S. W. 800, and repeated in Sorrels v. Commonwealth, 197 Ky. 761, 248 S. W. 205, that the question of former jeopardy or conviction could not be raised by a motion for a peremptory, but what was meant in both cases was that it could not be raised by such motion alone, and this is made clear in the Foley case, since it is there stated that if a plea in bar had been entered, it would have been allowed. There was no such plea in either the Foley or Sorrels case as there is here, and there is no merit in this contention.

Wherefore the judgment is reversed for proceedings consistent herewith. The whole court sitting.