## Mears v. Hord, Police Judge.

Feb. 9, 1943.

O. B. Bertram for appellant.

G. J. Rice for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE FULTON—Affirming.

Section 2554c-29 of the Kentucky Statutes (now KRS 242.410) provides that on a first or second conviction for a violation of the local option law the defendant, in addition to the penalty provided by law, shall be required to execute a bond to be of good behavior and not violate the liquor laws for twelve months and that if the bond is not executed the defendant shall be confined in jail for sixty days. The order requiring the bond is not subject to appeal and is not considered as punishment.

On September 12, 1942, an affidavit was filed in the Campbellsville police court stating that the affiant had on that day purchased two half pints of whiskey from appellant Mears at his restaurant. Campbellsville is in local option territory. Pursuant to this affidavit a warrant was issued charging the appellant with selling whiskey in violation of the local option law. After the issuance of the warrant, and on the same day, another affidavit was filed stating that intoxicating liquors were being kept for sale at appellant's restaurant—the basis of the affiant's belief contained in this affidavit was the affidavit as to sale just mentioned. Thereupon a search warrant was issued by the police judge and on search two half pints of gin were found in the restaurant. The search was made approximately an hour after the time appellant is alleged to have sold the whiskey.

On September 14, appellant was tried and convicted

in the police court on the selling charge. He appealed to the circuit court but was confined in jail for sixty days in default of the good behavior bond. After he served the sixty days he was tried in the police court on November 25th on the charge of having the two half pints of gin in his possession for purpose of sale. He was convicted and as a part of the judgment was required to execute another good behavior bond.

Alleging, in substance, the foregoing facts, appellant sought a declaration of rights and injunctive relief from the execution of the second bond. The trial court sustained a general demurrer to the petition and dismissed it and the appeal is from that judgment.

Since there is no challenge of appellant's right by a proceeding under the Declaratory Judgment Act, Civil Code of Practice, sec. 639a—1 et seq., to bring into question the propriety of requiring the bond complained of and since we have concluded that the merits of the case preclude the granting of the relief sought, we will indulge in no discussion as to the propriety of the procedure.

It is the contention of appellant that the gin, for the possession of which he was convicted on the second trial, was in his possession at the time he is alleged to have sold the whiskey and that therefore the conviction for selling was a bar to prosecution on the possession charge and consequently the police court had no right to require the execution of the second bond. The argument is that there may be no subdivision of the liquor which was in appellant's possession for the purpose of making separate offenses. In short, it is argued, there may be no splitting of a single act into two or more separate offenses.

The correctness of the general proposition argued by appellant, that there may be no splitting of a single act into two or more separate offenses, may be conceded but it is clear that no such course was pursued as to appellant. Even though it be assumed that a conviction for selling liquor is a bar to a subsequent prosecution based upon possession of other liquor at the same time, the contention of appellant ignores the fact that he was found in possession of gin after he made the sale of the whiskey. In these circumstances it is immaterial that the gin may have been in his possession at an earlier hour on the day on which he made the sale. After the

178

sale of the whiskey he continued in the possession of the gin and in so doing was guilty of a separate offense committed subsequent to the liquor sale. Newton v. Com., 198 Ky. 707, 249 S. W. 1017, relied on by appellant is not controlling. It was merely held in that case that one convicted of selling a pint of liquor could not later be convicted of having the same pint of liquor in possession for purpose of sale. The distinction between that case and the one before us is obvious.

It is also argued that although separate and distinct violations of the local option law may have been committed only one bond could be required—that in any event a new bond may be required only where an offense is committed after the satisfaction of the judgment as to the prior bond. This argument, however, does violence to the plain terms of the statute which directs that the court, upon conviction, shall require the execution of the bond. It is the time of conviction that controls the execution of the bond not the time of the commission of the offense. No question is before us as to any supposed right appellant might have had to an earlier trial on the possession charge or as to the consequences that might have ensued from the requirement of separate bonds at approximately the same time.

Since the police court rightfully required the execution of the bond on appellant's conviction on the possession charge, the trial court correctly sustained the demurrer to the petition.

Affirmed.