**Eugene ADAMS, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

June 17, 1977.

Rehearing Denied Sept. 30, 1977.

Rehearing En Banc Denied Oct. 7, 1977.

Discretionary Review Denied Feb. 13, 1978.

Jack Emory Farley, Public Defender, Commonwealth of Kentucky by Edward C. Monahan, Asst. Public Defender, Frankfort, for appellant.

Robert F. Stephens, Atty. Gen. by B. F. Radmacher, .III, Asst. Atty. Gen., Frankfort, for appellee.

Before HAYES, HOWARD and WINTERSHEIMER, JJ.

HAYES, Judge.

Eugene Adams appeals from a judgment entered on a verdict finding him guilty of the crime of Robbery in the Second Degree (KRS 515.030) and fixing his punishment at the minimum of five (5) years in prison.

Adams contends:

(1) The trial court erred in instructing the jury.

(2) There was not sufficient evidence to support a conviction.

(3) The jury also convicted the defendant of theft, which is a lesser included offense of robbery, and it is not permissible to convict on both robbery and theft.

(4) The trial court failed to follow the presentencing procedures required by KRS 532.050 and KRS 533.010.

The only witness for the commonwealth was the victim, C. M. Reynolds. The defendant presented himself and seven (7) other witnesses, all of whom testified as to an alibi for Adams. Reynolds testified several times that Adams was one of his assailants and on cross-examination, Reynolds stated that Adams even told him his true name before the robbery. In holding that the uncorroborated testimony of the victim of the robbery was sufficient to sustain a conviction, the Court of Appeals in *LaVigne v. Commonwealth,* Ky., 353 S.W.2d 376, 378 (1962) stated:

It is the general rule that neither the trial judge, nor this court in its review of

the case on appeal, may pass upon the credibility of the witnesses or determine the weight to be given their testimony. That is to say, the trial judge may not take from the jury a controverted question of a material fact, and this court may not reverse the judgment merely because the proof is inconsistent, *even though either court, if it had sat as a jury in that particular case, would have acquitted the defendant.* (Emphasis Ours)

We hold that it was the prerogative of the jury to believe Reynolds's testimony rather than Adams and his seven (7) witnesses. We know of no law requiring an equal number of witnesses in order to lend credibility to one side or the other. Nor can we state that Reynolds's testimony was insufficient to support a conviction of Adams.

Adams's contention that the instruction on Second Degree Robbery was erroneous has not been preserved for review by this court since appellant's counsel did not comply with RCr 9.54(2). The instruction was taken almost verbatim from Palmore, *Kentucky Instructions to Juries,* Sect. 4.21 (1975). The instruction as written by Palmore is erroneous in that it does not follow KRS 515.030 and contain the phrase "with intent to accomplish the theft".

The appellant was entitled to an instruction on Robbery in the Second Degree only and not to an instruction on theft as given by the trial court. Adams's defense was an alibi, denying he had ever seen the victim before. Reynolds testified as to the force used by his assailants. It was error to instruct the jury on theft and was error for the jury to convict on theft and robbery, when theft is a lesser included offense of robbery. However, since the appellant wasn't entitled to an instruction on theft in any case, and the trial court later dismissed the theft conviction, we fail to see how the appellant was prejudiced. We are unwilling to say that the giving of the theft instruction and the resulting guilty verdict were so prejudicial to Adams's substantial rights as to compel the reversal of the judgment, for it is apparent that the same verdict on the robbery charge, the proper charge, would have been returned in any case.

We cannot find in the record any compliance with the mandatory statutory provision clearly set forth in KRS 532.050 and KRS 533.010. See also *Brewer v. Commonwealth,* Ky., 550 S.W.2d 474 (1977), 24 K.L.S. 1, Pg. 3. Therefore, the judgment will have to be vacated and the case remanded to Lincoln Circuit Court for resentencing after there has been a compliance with the above mentioned statutes.

All concur.