Peter L. TRIBBETT, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Supreme Court of Kentucky.

Jan. 31, 1978.

Rehearing Denied March 14, 1978.

Henry E. Hughes, Lexington, for appellant.

Robert F. Stephens, Atty. Gen., David M. Whalin, Asst. Atty. Gen., Frankfort, for appellee.

LUKOWSKY, Justice.

Tribbett was convicted of the murder of Clarence Perciful, KRS 507.020, burglary in the first degree, KRS 511.020, and theft by unlawful taking, KRS 514.030, and sentenced by the Rockcastle Circuit Court to consecutive terms of imprisonment for life, ten and five years. He appeals.

The convictions are based on a completed conspiracy to murder Perciful and make off with his property.[1] Although Tribbett did not fire the weapon, he was an active participant in the entire episode which resulted in Perciful's death.

Tribbett assigns four points of error. Two of these contentions reflect a misunderstanding of the nature of the charges. He relies on the defense of renunciation of a criminal attempt set forth in KRS 506.020. Such reliance is totally misplaced. Tribbett was charged with and convicted of murder, not attempt to murder. Tribbett also claims that his convictions run afoul of the restrictions of KRS 506.050(2). Because he was neither charged with nor convicted of the substantive offense of conspiracy, this statute is irrelevant. The conspiracy merely constitutes the factual basis supporting the agency relationship which imposes criminal liability upon Tribbett for the conduct of his partners in crime. KRS 502.020(1)(a).

1. For a more complete recitation of the facts surrounding the episode see *Walker v. Commonwealth,* Ky., 561 S.W.2d 656 (1977).

Tribbett further contends that he could not be convicted of burglary as a matter of law because his entrance was not unlawful. Again his aim is faulty. The jury was not instructed on the "unlawful entry" aspect of burglary. It was instructed to find him guilty only if he remained in Perciful's dwelling without permission. Tribbett and his two companions were invited by Perciful into his home. As such they were mere licensees. Upon the death of the licensor, the license ceased and the privilege to be upon the premises lapsed. 3, Tiffany, Real Property, Sec. 836 (3rd ed. 1939); 53 C.J.S. Licenses § 87 (1948); 25 Am.Jur. 2d, Easements and Licenses, Sec. 131 (1966). Therefore, when they failed to leave, they remained unlawfully upon the premises within the meaning of the burglary statute. KRS 511.020, Commentary (iii) (1974).

Tribbett finally contends that convicting and sentencing him on the two offenses of burglary and theft which arose from the same transaction put him in double jeopardy. No such problem exists. The elements of these two crimes are different. Each of these crimes requires proof of facts that the other does not. See, e. g., *Easley v. Commonwealth*, Ky., 320 S.W.2d 778 (1958). Therefore the state and federal constitutional bars against double jeopardy are not violated. *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932); e. g., *Brown v. Ohio*, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed. 187 (1977); *Brock v. Commonwealth*, Ky., 479 S.W.2d 644 (1972).

The judgment is affirmed.

All concur.