COMMONWEALTH of Kentucky, Movant,

v.

Rex Allen DAY, Respondent.

Supreme Court of Kentucky.

April 22, 1980.

Robert F. Stephens, Atty. Gen., John F. Zink, Asst. Atty. Gen., Frankfort, for movant.

Pam E. Goldman, Lexington, for respondent.

LUKOWSKY, Justice.

On June 23, 1977 Harlass Barton discovered his 1962 truck missing from the parking spot on Main Street in Harlan, where he had left it the evening before. On July 3, 1977 Barton saw his truck, with Rex Allen Day standing close by, in a nearby community, and he called the police.

Day was indicted for theft by unlawful taking, KRS 514.030(1)(a). He maintained at the time of his arrest and throughout the trial that he lawfully traded for the truck. The jury found to the contrary. Day was convicted and sentenced to one year of imprisonment. He appeals. The Court of Appeals found the instructions given over objections by Day were prejudicial and ordered a new trial. We reverse.

This case requires us to construe KRS 514.030(1)(a) which reads in part as follows:

"(1) A person is guilty of theft by unlawful taking or disposition when he unlawfully:

(a) Takes or exercises control over movable property of another with intent to deprive him thereof; . . .."

This section is modified by the general defenses to theft and related offenses found in KRS 514.020.[1]

The instructions given by the trial court employed only the "exercises control over" alternative language of KRS 514.030(1)(a) accompanied by a reasonably accurate statement of the requisite criminal intent and of the available defenses. The Court of Appeals concluded the use of "exercises control over" permitted the jury to find Day guilty of receiving stolen property, a crime for which he was not indicted. The court based this conclusion on the premise that the "exercises control" language was intended to be no more than the statutory equivalent of embezzlement. It relied on a quote to that effect from K. Brickey, Kentucky Criminal Law, sec. 14.02 (1974). It reasoned that the instruction was erroneous because there was no evidence of lawful possession by Day at the outset.

The 1971 commentary which accompanied the Kentucky Penal Code explains this section as follows: "[KRS 514.020(1)(a)] includes the common law offense of larceny as well as embezzlement, conversion and the myriad of statutory offenses involving theft presently scattered throughout the Kentucky Revised Statutes. It is intended to be all-inclusive of offenses involving the wrongful appropriation of property."

We begin our analysis of KRS 514.-030(1)(a) with the observation that Chapter 514 "Theft and Related Offenses" is intended to be a comprehensive codification of the common and statutory law of theft. The statutes in Chapter 514 which complement theft by unlawful taking do not detract from the purpose stated in the quoted language. Indeed breadth of the statute is exposed by the list of covered offenses set forth in the commentary.[2]

---

1. KRS 514.020 reads as follows:
   (1) It is a defense to prosecution for theft that the actor:
   (a) Was unaware that the property or service was that of another; or
   (b) Acted under a claim of right to the property or service involved or a claim that he had a right to acquire or dispose of it as he did; or
   (c) Took property exposed for sale, intending to purchase and pay for it promptly, or rea-

sonably believing that the owner, if present, would have consented.

. . . .

2. KRS 514.030 is intended to include all statutory and common law offenses involving unlawful appropriation of property. Some of the prior statutory offenses covered in whole or in part are: KRS

433.180—Stealing from public building, etc.

The alternative language of KRS 514.-030(1)(a) "takes or exercises control over movable property," describes an offense against the Commonwealth which can be committed in either of two ways: by *taking* property or by *exercising control over* property, each to be accompanied by the specific intent to deprive another of his property. Much of the confusion which exists in this case arises from reading the statute as prohibiting *taking control over* property and *exercising control over* property. There is a subtle but significant difference in these two constructions.

We note at the outset that there is little, if any, difference in the actions of a person who "takes control over" property and one who "exercises control over property," as those terms are commonly used. The source of any distinction between "takes control over" and "exercises control over" is found in the commentary to the Proposed Official Draft of the Model Penal Code, incorporating the commentary on the previous tentative drafts. A.L.I., Model Penal Code, Proposed Official Draft, sec. 223.2 (1962). That commentary makes clear that the standard "unlawful control" is to replace common law larceny concepts, e. g., caption and asportation, and of the statutory terms, such as steal, remove, conceal, retain, convert, embezzle, etc.

The purpose in choosing "unlawful control" as the basis of the offense was to minimize the arbitrary procedural and punishment differences between attempt and completed theft crimes occasioned by the common law element of physical seizure and movement. This idea is carried forward to KRS 514.030(1)(a). The Model Penal Code commentary goes still further and assigns arguably different elements for larceny related offenses, "takes unlawful control," and for embezzlement related offenses, "exercises unlawful control." Here the Kentucky Penal Code takes another tack.

While it is obvious that KRS 514.030(1)(a) is fashioned after the Model Penal Code section, the drafters of the Kentucky Penal Code reworded the section. The section defines the crime in terms of one who unlawfully *takes* property or who unlawfully *exercises control over* property. There is no vestige of the historical distinctions between larceny and embezzlement found in KRS 514.030(1)(a). Indeed, without the historical background, the use of both "takes control over" and "exercises control over" is redundant.

■ Significantly, while the drafters of our code chose to incorporate the Model Code's idea of a comprehensive theft statute into the 1971 commentary, they omitted any mention of the Model Code's retention of larceny and embezzlement distinction. We hold that KRS 514.030(1)(a) defines the crime of theft as either unlawfully taking property of another with intent to deprive him of that property *or* unlawfully exercising control over property of another with intent to deprive him of that property.

■ Day was found in possession of a truck some two weeks after it was stolen. He endeavored to explain his possession to

433.210—Appropriating property in possession of common carrier
433.220—Grand larceny
433.230—Petit larceny
433.234—Shoplifting
433.250—Stealing cattle; hog, fowl
433.260—Cutting and taking timber
433.270—Unlawful mining or removing coal
433.280—Taking or destroying tobacco plants
433.620—Tampering with motor vehicle
433.630—Damaging or removing part of vehicle
433.730—Stealing fruit or vegetables
433.740—Destroying trees, quarrying stone, etc.

433.790—Occupant of shanty boat stealing from private premises
434.010—Embezzlement by officer, agent or employee of corporation
434.020—Misapplication of money, etc., from state by custodian
434.030—Embezzlement of property entrusted for delivery
434.040—Conversion of motor vehicle
434.220—Disposal or conversion of property without consent of owner
434.330—Broker pledging or disposing of customer's securities
434.370—Abandonment or failure to return motor vehicle
434.490—Defrauding vendor of newspapers

the jury. The Court of Appeals held that a jury question existed as to whether Day unlawfully took the truck. The court based its conclusion on the permissible inference that in the absence of a satisfactory explanation of possession, the possessor of recently stolen property is guilty of the theft. *Howe v. Commonwealth*, Ky., 462 S.W.2d 935 (1971). KRS 514.030(1)(a) obviates the need for this inference. Where a person is shown to have exercised control over the property of another with the intent to deprive him of that property, and no statutory defense under KRS 514.020 such as a claim of right to the property or a right to acquire the property creates at least a reasonable doubt in the mind of the jury, that person may be convicted of the crime of theft by unlawful taking. This construction is buttressed by the fact that while throughout our comprehensive penal code the drafters and the legislature saw fit to codify presumptions and permissible inferences, *see, e. g.,* KRS 514.040(4); 514.070, 514.110(2), the *Howe* rule was not incorporated into KRS 514.030.

The instructions given by the trial court were justified by the evidence presented to the jury and were an accurate statement of law in the case. The instructions required the jury to believe beyond a reasonable doubt that Day exercised control over the truck knowing that it was the property of another, with intent to deprive Barton of it, and that Day was not acting under a claim of right to or right to acquire or dispose of the truck. There was no error.

 Day also claims prejudicial error because the instructions used July 3, 1977, the date he was seen with the vehicle, rather than June 22–23, 1977, the date that was listed in the indictment. This point is controlled by *Robards v. Commonwealth*, Ky., 419 S.W.2d 570 (1967). The Rules of Criminal Procedure emphasize "fair notice and fair trial" instead of "rigid technicality." *Robards v. Commonwealth,* supra at 573. Day was charged in the indictment with theft by unlawful taking, a crime which, as we have shown, could have been committed by the taking of the vehicle or by the

exercising of control over the vehicle at a time after the taking.

No offense other than theft in violation of KRS 514.030(1)(a) was addressed in the instructions. There has been no showing that the substantial rights of Day were prejudiced by proof relating to the unlawful control elements of that statute. Nor has it been shown that this indictment did not give Day fair notice the Commonwealth would seek to convict him of the theft of Barton's truck.

The date on which the unlawful control was effected was not an essential element of the crime charged, and the indictment shows the offense to have been committed before the indictment was returned. *Stephens v. Commonwealth,* Ky., 397 S.W.2d 157 (1965). Therefore, under RCr 6.16 the indictment could and should have been amended to include the period through July 3, 1977, the date shown by the proof and used in the instructions. However, the failure to do so did not affect Day's substantial rights. *Robards v. Commonwealth, supra; Stephens v. Commonwealth, supra.*

The decision of the Court of Appeals is reversed and the judgment of the Harlan Circuit Court is affirmed.

All concur, except STEPHENS, J., who did not sit.

