Larry Dell HENSLEY, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

Supreme Court of Kentucky.

June 15, 1983.

Rehearing Denied Sept. 21, 1983.

Michael J. Hammons, Covington, for appellant.

Steven L. Beshear, Atty. Gen., Eileen Walsh, Asst. Atty. Gen., Frankfort, for appellee.

GANT, Justice.

Appellant was convicted of four counts of receiving stolen property of a value in excess of $100, receiving a sentence of five years on each count, to be served consecutively for a total of 20 years. Appellant assigns eight grounds for reversal, seven of which we find either without merit, harmless, or not preserved. We will comment upon the eighth, which is the allegation that the appellant should have been charged with one count rather than four.

The evidence herein was that the appellant appeared at the Tri-County Stockyards in Henry County on March 31, 1981, with 22 head of cattle, 12 of which were positively identified as having been stolen from four individuals. Two had been stolen from one owner on March 19, five from another on March 19, four from a third owner on March 17, and the 12th from a fourth owner on March 15. It should be noted here that appellant was indicted on four counts, one for each victim, and not 12 counts, or one for each head of cattle.

The defense by appellant was that he had bought cattle from numerous persons, even listing several purchases after the dates of the thefts, and that he did not know they were stolen. The alleged sellers were never produced at trial.

The thrust of appellant's argument is that the proof of the Commonwealth evidences a single possession, i.e., the date all 12 head of cattle were found at the stockyard, and that there was no further proof of the date they were "received." This is of no consequence, as the jury might well have believed, under the evidence, that the cattle were received between the date of theft (the earliest of which was March 15) and the date appellant attempted to sell them on March 31. Appellant further contends that the purpose of the statute is to punish a course of conduct and that thus only one count could properly have been brought. We do not agree.

KRS 514.110 reads as follows:

(1) A person is guilty of receiving stolen property when he receives, retains or

disposes of movable property of another knowing that it has been stolen, unless the property is received, retained or disposed of with intent to restore it to the owner.

(2) The possession by any person of any recently stolen movable property shall be prima facie evidence that such person knew such property was stolen.

(3) Receiving stolen property is a Class A misdemeanor unless the value of the property is $100 or more, in which case it is a Class D felony.

■ The procedure followed herein, that of a separate count for each owner, was totally correct. The statute, by use of the words "another" and "owner," clearly indicates that this statute is designed for the protection of an owner. It is not directed at a course of conduct, such as a general fencing operation, but prohibits the act of receiving, retaining or disposing of the property of another. As the court stated in *Hennemeyer v. Commonwealth,* Ky., 580 S.W.2d 211, 215 (1979), a case relating to separate charges of wanton endangerment from one course of conduct:

> We have no difficulty in arriving at the conclusion that (the statute) was designed to protect each and every person from each act coming within the definition of the statute. It is not a statute designed to punish a continuous course of conduct.

Under the facts of this case, where the property was stolen from four separate owners, on different dates or occasions, and the evidence disclosed that appellant purchased cattle on at least four separate dates, it was not unreasonable for the jury to convict appellant of four counts of receiving or retaining stolen property.

■ Appellant also argues that in one instance, relating to one owner, the value of the property received was totalled, in order to exceed the $100 dividing line between a felony and a misdemeanor. We do not so construe the proof; but, again, the statute would permit this if the aggregate value of property stolen from one owner, on one occasion, exceeded $100.

The judgment is affirmed.

All concur.