Thomas Eckle McKEE, Appellant,

v.

COMMONWEALTH of
Kentucky, Appellee.

Court of Appeals of Kentucky.

Oct. 3, 1986.

Discretionary Review Denied by Supreme Court Dec. 10, 1986.

Randall Wheeler, Asst. Public Advocate, Frankfort, for appellant.

David L. Armstrong, Atty. Gen., Barbara A. Kriz, Asst. Atty. Gen., Frankfort, for appellee.

Before COMBS, DYCHE and HOWARD, JJ.

DYCHE, Judge.

Thomas Eckle McKee was convicted by a jury in the Union Circuit Court of robbery, first degree, and theft by unlawful taking over one hundred dollars, and was sentenced to ten years and one year, the sentences to run consecutively. He now appeals those convictions, citing two errors.

The incident which gave rise to these convictions involved the taking of a car. Two ladies drove the car onto a supermarket parking lot; immediately upon stopping, the ladies were confronted by a man who pointed a gun at the driver, demanding the car. The ladies wisely relinquished the car to the robber, who quickly drove away. Appellant was subsequently charged and convicted as set out above.

■ Appellant's first assignment of error is that he could not constitutionally be convicted of both robbery and theft under the above facts. We agree. Since "all of the elements of theft as set forth in KRS 514.030 are incorporated into" the robbery statute (KRS Chapter 515), appellant would be subject to double jeopardy if charged with, and convicted of, both. United States Constitution Amendment V; Kentucky Constitution, Section 13; *Jordan v. Commonwealth,* Ky., 703 S.W.2d 870 (1985); KRS 515.020 commentary (1974).

The next argument advanced by McKee was that the trial court erred by refusing to give the "adverse inference" instruction mandated by RCr 9.54(3). It has been held by our Supreme Court that such refusal may be nonprejudicial:

> It is the holding of this Court that the failure to give a requested instruction on the effect of the defendant's refusal to testify can be nonprejudicial error if there is overwhelming evidence of guilt and the result would not have been any different when the case is considered as a whole.

*Commonwealth v. McIntosh,* Ky., 646 S.W.2d 43, 45 (1983).

■ Examining the evidence in this case, we find that the refusal to give the "adverse inference" instruction was nonprejudicial. The Commonwealth's evidence consisted of the testimony of two victim eyewitnesses, who had ample opportunity to observe the perpetrator and made unequivocal in-court identifications of the appellant. Further testimony revealed excellent police work involving a car chase which began immediately after the robbery and culminated in appellant's arrest in an isolated, wooded area a short distance from the wrecked automobile which had been stolen. The evidence was overwhelming and the result would not have been different if the proposed instruction had been given.

The judgment of the Union Circuit Court is affirmed with respect to the conviction for robbery, first degree; the judgment of conviction for theft by unlawful taking is reversed and remanded with directions to dismiss that count of the indictment.

All concur.