**William Miller JONES, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

**No. 87–SC–711–TRG.**

Supreme Court of Kentucky.

Sept. 8, 1988.

Phaedra Spradlin, Winchester, for appellant.

Frederic J. Cowan, Atty. Gen., David K. Martin, Asst. Atty. Gen., Frankfort, for appellee.

LEIBSON, Justice.

This appeal is from a judgment based on a jury verdict which convicted Jones of second-degree robbery, second-degree burglary, knowingly receiving stolen property valued over $100 and of being a persistent felony offender in the first degree. His sentences were enhanced because of the PFO conviction to twenty years on the robbery and burglary charges, to be served concurrently, and to ten years on the receiving charge, to be served consecutively, for a total of thirty years.

The principal issue on appeal is whether Jones can be sentenced for both robbery and possession of stolen property when the property possessed was the same property taken in the robbery. The appellant may properly raise a double jeopardy claim even though it was not preserved by objection for appellate review. *Phillips v.*

page number

*Commonwealth,* Ky., 679 S.W.2d 235 (1984).

A second issue, charging the prosecutor with improper remarks in opening statement, was not preserved by objection for appellate review, and we decline to consider it.

On August 28, 1980, the victim was robbed while in her home. She was grabbed by both shoulders, led into the bedroom and tied up. She escaped from the bedroom twice and the second time the intruder put her in the bathroom. Among the items taken was a television set, which was later found in Jones' possession.

Jones argues that because theft is a lesser included offense of robbery, his conviction for receiving stolen property also was a lesser included offense of robbery and was barred by our constitutional double jeopardy principle, Ky. Const. § 13, and by the limitations on prosecution for multiple offenses detailed in KRS 505.020. We agree.

"Section 13 of the Kentucky Constitution, which prohibits an accused from being placed in double jeopardy for the same offense, prohibits the Commonwealth from *carving out* of one act or transaction two or more offenses." (Emphasis added.) Milward, *Kentucky Criminal Practice,* § 5.07 (1984). The Commonwealth is permitted to carve out of a single criminal episode the most serious offense, but not to punish a single episode as multiple offenses.

Since the television set taken in the robbery is the same stolen property appellant was found guilty of possessing, the latter is merged into the former and cannot be prosecuted as a separate offense.

In *Jordan v. Commonwealth,* Ky., 703 S.W.2d 870 (1986), vacating a conviction for a theft which was part of a robbery, we expounded upon the principle that controls here. In explaining the *Blockburger* test (*Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932)), we quoted as follows from that case:

"The distinction stated by Mr. Wharton is that 'when the impulse is single, but one indictment lies, no matter how long the action may continue. If successive impulses are separately given, even though all united in swelling a common stream of action, separate indictments lie." *Wharton's Criminal Law,* 11th ed., § 34. 284 U.S. at 302, 52 S.Ct. at 181.

Based on this principle, we held in *Jordan* that a conviction for both first-degree robbery and theft of property taken during the course of the robbery violates the principle of multiple punishments for the same offense, and we ordered the conviction for the lesser offense, theft, set aside.

The situation is no different with robbery and receiving stolen property, where it is the same property taken in the robbery: "the impulse is single, [so] one indictment lies, no matter how long the action may continue." *Blockburger, supra.* In these circumstances, the fact that theoretically there are elements in each offense different from the other offense is not sufficient to justify conviction for both.

Other cases compelling the same result are:

*Adams v. Commonwealth,* Ky.App., 560 S.W.2d 825 (1978), holding it was error to convict on theft and robbery because theft is a lesser included offense of robbery. This is true even though, technically, one may commit robbery without completing the act of theft.

*Jackson v. Commonwealth,* Ky., 670 S.W.2d 828 (1984), holding that, although a person may be convicted of knowingly receiving stolen property on less proof than is necessary for a conviction of theft, conviction for theft precludes separate conviction for knowingly receiving the same property.

*McKee v. Commonwealth,* Ky.App., 720 S.W.2d 343 (1986), holding that the appellant could not constitutionally be convicted of both robbery and theft, where the theft consisted of taking the victim's car.

In sum, there is no viable distinction between prior cases involving conviction of robbery and theft and the present case involving conviction of robbery and receiv-

ing stolen property. Either situation is a violation of that portion of the double jeopardy principle prohibiting cumulative punishments for convictions on offenses that merge.

Therefore, we vacate the conviction for receiving stolen property. Except for this portion of the conviction and sentence, which is hereby set aside, the conviction is affirmed.

STEPHENS, C.J., and GANT, LAMBERT, STEPHENSON and VANCE, JJ., concur.

WINTERSHEIMER, J., dissents by separate opinion.

WINTERSHEIMER, Justice, dissenting.

I respectfully dissent from that part of the majority opinion which reverses the conviction for receiving stolen property. I believe the conviction for both robbery and possession of the property did not violate double jeopardy prohibitions.

KRS 505.020 properly prohibits multiple punishments for a continuing course of criminal conduct which is a single event. That is not the case in this situation. To argue that it is, denies the criminal the opportunity to ever repent and restore the product of his crime. There is no incentive to return the loot. *Cf.* my dissent in *Jackson v. Commonwealth*, Ky., 670 S.W.2d 828 (1984).

The constitutional protection against double jeopardy involves a test which determines whether one offense is included in the other if each offense requires proof of an element which the other does not. *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932); KRS 505.020; *Polk v. Commonwealth*, Ky., 679 S.W.2d 231 (1984). In order to convict Jones of the felony of receiving stolen property, the jury had to find the stolen television was worth more than $100. In order to convict him of robbery in the second degree, the jury did not have to make any finding as to the value of the property taken because KRS 515.030 requires the use or threat of immediate use of force on another person in the course of committing a theft with the intent to accomplish the theft. *Blockburger, supra,* clearly contemplates that a continuing course of criminal conduct may constitute separate statutory offenses and does not restrict the legislature from authorizing cumulative punishment for such offenses. *Jordan v. Commonwealth*, Ky., 703 S.W.2d 870 (1985).

The majority misinterprets *Blockburger* when it uses the Wharton quotation relating to the single criminal impulse. In my view, there are separate successive criminal impulses which, even though they unite in a single event, can still be separately prosecuted and punished.

There are clearly distinct elements involving a conviction for robbery and theft and a conviction of robbery and receiving stolen property. The majority merges these concepts in a brief paragraph. I believe the majority opinion marks a clear change in the application of existing Kentucky law and should be announced as such. Therefore, if it is to be the law of Kentucky then it should be prospectively and not retroactively applied. *Cf.* my dissent in *Hon v. Commonwealth*, Ky., 670 S.W.2d 851, 853 (1984).

I would affirm the conviction in all respects.