**COMMONWEALTH of Kentucky, Appellant,**

**v.**

**Bridgette GILBERT and William Lee Jackson, Appellees.**

No. 88–CA–416–MR.

Court of Appeals of Kentucky.

April 21, 1989.

Rehearing Denied July 7, 1989.

Frederic J. Cowan, Atty. Gen., Thomas W. Dyke, Sp. Asst. Atty. Gen., Louisville, for appellant.

Daniel T. Goyette, Jefferson Dist. Public Defender, J. David Niehaus, Deputy Appellate Defender, Udell B. Levy, Michael C. Lemke, Asst. Dist. Defenders, Louisville, for appellees.

Before HAYES, LESTER and WILHOIT, JJ.

LESTER, Judge.

The Commonwealth appeals from an order dismissing the indictment against Gilbert and Jackson. The indictment charged them with receiving stolen property valued over $100, and with complicity thereto. The property in question consisted of ten money orders, with varying amounts and serial numbers printed on the faces but otherwise blank, and the circuit court determined as a matter of law that the value of the property was less than $100.

On October 5, 1987, Ms. Mixon purchased ten American Express money orders with face values totaling $393.77. Later that day her purse containing these money orders was stolen. On October 9, 1987, Gilbert and Jackson entered a check cashing store and attempted to cash the money orders. The clerk was on notice that the money orders with those serial numbers had been stolen and immediately alerted the police, who arrested Gilbert and Jackson at the scene. The money orders were blank as to date, payee, and maker or drawer; the only signature appearing was that of Gilbert, who endorsed all ten on the backs.

▮▮▮ The Commonwealth argues that the trial court erred in holding that the stolen money orders allegedly in the possession of Gilbert and Jackson had a value of less than one hundred dollars as a matter of law. KRS 514.010(6) defines property as "anything of value, including ... documents, choses in action, and other interests in or claims to wealth...." Money orders are therefore property under this statute, and the question is what is their value. *Hensley v. Commonwealth*, Ky., 655 S.W.2d 471 (1983). Here Ms. Mixon paid the face value, $393.77, for the money orders and lost that amount when they were stolen from her, whether or not that loss could be recovered. This must be considered in determining the value of the property: while we cannot categorically proclaim that the value of these money orders is their face value, it would seem that in most instances this would be so since the measure of value is what a willing buyer would pay for the property and a willing seller take. To this extent we agree with the assertions of Gilbert and Jackson that it is not our place to enact rules for valuing instruments. As to their contention that this case should be governed by the Uniform Commercial Code, while we agree that at the time of presentation these money orders were nonnegotiable, KRS 355.3–104(1)(a), that finding is not dispositive of their value. The fact that something further would have to be done to them to negotiate them and obtain their face value, whether or not that something would amount to forgery, does not render them valueless. As always, the burden of proving value rests on the Commonwealth, and in the absence of a set rule on the value of such instruments this must be done on a case-by-case basis.

▮▮▮ Gilbert and Jackson further argue, by reference to their previous motion, that this appeal should be dismissed as violative of double jeopardy. This contention is meritless as jeopardy had not attached when the judge entered his order of dismissal. *Allen v. Walter*, Ky., 534 S.W.2d 453 (1976).

For the foregoing reasons the order of the circuit court is hereby vacated and this case remanded thereto for proceedings consistent with the opinion expressed herein.

All Concur.