**Phillip Eugene COOLEY, Appellant,**

v.

**COMMONWEALTH of Kentucky,
Appellee.**

**No. 90–SC–290–DG.**

Supreme Court of Kentucky.

Dec. 19, 1991.

Allison Connelly, Asst. Public Advocate, Dept. of Public Advocacy, Frankfort, for appellant.

Frederic J. Cowan, Atty. Gen., Robert W. Hensley, Asst. Atty. Gen., Criminal Appellate Div., Frankfort, for appellee.

LAMBERT, Justice.

The issue presented is whether the double jeopardy clauses of the Fifth Amendment of the Constitution of the United States and Section 13 of the Constitution of Kentucky permit multiple prosecutions for receiving stolen property when the evidence reveals that all of the stolen property was received at the same time but retained or disposed of separately. Necessary to such determination is our construction of KRS 514.110, a statute which broadly proscribes receiving stolen property, and consideration of a recent decision of the Supreme Court of the United States, *Grady v. Corbin*, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990).

From evidence presented in separate trials which occurred in the Mason Circuit Court and the Bourbon Circuit Court, it was established that appellant came into possession of twenty-six stolen firearms in Mason County, Kentucky. All of the guns were then transported by appellant from Mason County to Bourbon County where twenty-four were disposed of by sale to various persons. Two of the guns, an Uzi machine gun and a .357 magnum pistol, were retained by appellant and taken back to Mason County. In the course of a search of the residence appellant shared with another person, the police in Mason County discovered the two guns appellant had kept and he was indicted for receiving stolen property.

The Mason County indictment charged appellant with receiving the Uzi and the .357 magnum and his possession of these guns formed the basis of the conviction. At trial, however, the evidence showed that these guns and the twenty-four guns disposed of in Bourbon County had been stolen from the Adams County Discount Center in southern Ohio and received by appellant in Mason County.

Shortly after appellant's indictment in Mason County, he was indicted in Bourbon County and it was charged that he "received ... retained, or disposed of handguns ... knowing them to have been stolen ... from Adams County Discount Center". Appellant was first brought to trial in Mason County and he was convicted of receiving stolen property in accordance with the indictment. He was then brought to trial in Bourbon County, and over his plea of double jeopardy, was again convicted of receiving stolen property. It is from the

Bourbon County conviction that appellant now appeals claiming a misinterpretation of the receiving stolen property statute and a violation of his constitutional rights under the Fifth Amendment and Section 13.

The beginning point in the analysis of a double jeopardy claim appears to be the statute or statutes under which the defendant was convicted and a determination of whether the Legislature intended to impose multiple or cumulative punishments for the same act or course of conduct. In *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), the Court examined the Narcotic Act and found that sections one and two created "two distinct offenses" which subjected the violator to punishment for both despite the singular nature of the conduct. Other decisions which include *United States v. Woodward*, 469 U.S. 105, 105 S.Ct. 611, 83 L.Ed.2d 518 (1985); *Ohio v. Johnson*, 467 U.S. 493; 104 S.Ct. 2536, 81 L.Ed.2d 425 (1984); *Brown v. Ohio*, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977); and *Gore v. United States*, 357 U.S. 386, 78 S.Ct. 1280, 2 L.Ed.2d 1405 (1958), similarly analyze legislative intent to determine whether two or more statutory offenses or provisions should be punished cumulatively. Decisional law in Kentucky reveals a similar approach. In *Jackson v. Commonwealth*, Ky., 670 S.W.2d 828 (1984), the Court examined the relationship between KRS 514.-030(1)(a), a statute which proscribes theft by unlawful taking, and KRS 514.110, the statute under review here. Relying on the *Blockburger* test and decisions which predated the penal code, the Court held that one who was convicted of theft by unlawful taking could not also be convicted of knowingly receiving the property he had stolen. The Court reasoned that one who steals property must of necessity have knowledge that the property was stolen and that the offenses merged. Likewise, in *Commonwealth v. Day*, Ky., 599 S.W.2d 166 (1980), the Court considered the language of KRS 514.030(1)(a) "takes or exercises control over movable property" and held that the Legislature merely intended to describe two means of violating the statute rather than creating separate offenses. The

Court employed a similar approach in *Jones v. Commonwealth*, Ky., 756 S.W.2d 462 (1988), and held that one could not be convicted of robbery and possession of stolen property when the stolen property was the proceeds of the robbery. We said:

> "[T]here is no viable distinction between prior cases involving conviction of robbery and theft and the present case involving conviction of robbery and receiving stolen property. Either situation is a violation of that portion of the double jeopardy principle prohibiting cumulative punishments for convictions on offenses that merge." *Id.* at 463–464.

However, in *Phillips v. Commonwealth*, Ky., 679 S.W.2d 235 (1984), we recognized that the applicable statutes demonstrated an intent to separately punish burglary and theft of property taken in the course of the burglary. The Court noted that the crime of burglary was complete upon entry into the apartment with the requisite intent and that any other crime committed inside the apartment could be punished as such.

From the foregoing it appears that the accepted methodology for analyzing convictions under one or more statutes is to first determine whether the Legislature intended to create separate crimes or merely identify different means of committing the same crime.

The relevant portion of KRS 514.110(1) is as follows:

> "A person is guilty of receiving stolen property when he receives, retains or disposes of movable property of another knowing that it has been stolen...."

The manifest purpose of this statute is to punish one who deprives the rightful owner of property. *Hensley v. Commonwealth*, Ky., 655 S.W.2d 471 (1983). The crime is complete upon the initial receipt and no additional offense occurs when the property is retained or disposed of by the recipient of the stolen property. In a proper case, however, one might receive property without knowledge that it was stolen but later acquire such knowledge and retain the property nevertheless. In that circumstance, the Commonwealth would be unable to prove knowing receipt, but reten-

tion coupled with knowledge would constitute an offense. In another circumstance, one could be guilty of disposing of stolen property by means of an intermediary without ever having actually received or retained the property. Thus, it appears that the statute was broadly drafted in an effort to address various circumstances which might not satisfy a strict definition of knowing receipt.

A number of Kentucky statutes provide alternative means of committing an offense. KRS 514.030(1)(a) provides several different means of committing the crime of theft by unlawful taking or disposition. In another statute, KRS 514.140, one may be guilty of theft of mail matter by obtaining mail by various means or engaging in other conduct which deprives the owner of the property. It could not be seriously contended that doing each of the acts described in KRS 514.030(1)(a) or KRS 514.140 constituted a separate criminal offense.

This Court has long held that "the Commonwealth may not split a single act or transaction into two or more separate offenses ..." (*Arnett v. Commonwealth*, 270 Ky. 335, 109 S.W.2d 795, 796 (1937)), and in *Commonwealth v. Day, supra,* we held that the alternative language in the theft statute merely described two ways in which the statute could be violated. While *Jackson v. Commonwealth, supra,* held that "a conviction for theft precluded a separate conviction for knowingly receiving the same property" (*Id.* at 833), there is language in *Jackson* which permits an inference that one could be convicted of theft of property and convicted again for disposing of the same property. We are now of the opinion that any such view is erroneous and that disposing is but one of the three means of violating the statute which proscribes receiving stolen property. If the act of receiving is merged into theft by unlawful taking, the act of disposing must also be merged as under the statute, receiving and disposing are one and the same.

The traditional test for determining whether successive prosecutions are barred by double jeopardy principles is found in *Blockburger v. United States, supra.* In

recent years, however, the Supreme Court has gone beyond *Blockburger* and extended double jeopardy protections. In *Brown v. Ohio, supra,* the Court held that:

"[E]ven if two offenses are sufficiently different to permit the imposition of consecutive sentences, successive prosecution will be barred in some circumstances when the second prosecution requires the relitigation of issues already resolved by the first."

In this vein, the Court in *Illinois v. Vitale,* 447 U.S. 410, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980), determined that the second prosecution would be barred if the prosecution sought to establish as an essential element of the second crime the conduct for which the defendant had already been prosecuted. Finally, in *Grady v. Corbin, supra,* the Court declared that:

"[T]he double jeopardy clause bars any subsequent prosecution in which the government, to establish an essential element of an offense charged in that prosecution, will prove conduct that constitutes an offense for which the defendant has already been prosecuted."

In the foregoing discussion, we have determined that the statute under which appellant was prosecuted on each occasion creates but a single offense and merely describes three means by which it may be committed. We have also recognized that decisions from the United States Supreme Court interpreting the double jeopardy clause of the Fifth Amendment to the Constitution of the United States, which we have held to be "coextensive" with rights secured by Section 13 of the Constitution of Kentucky (*Ingram v. Commonwealth,* Ky., 801 S.W.2d 321 (1990)), prohibit successive prosecutions if it is necessary to prove conduct for which the defendant has already been prosecuted. Applying these principles to the case at bar, we conclude appellant's conviction in the Bourbon Circuit Court was secured in violation of the intent of the statute and his protection against double jeopardy and must be reversed.

It should be recalled that in the trial of the case at bar (the Bourbon Circuit Court

case), the Commonwealth proved that appellant received all of the stolen guns in Mason County and then and there knew they were stolen and that he transported the guns to Bourbon County where he disposed of most of them by sale to other persons. In proving these facts, the Commonwealth proved receiving stolen property, the crime upon which appellant had already been indicted and convicted in Mason County.

By and large, this Court has followed the decisions of the Supreme Court of the United States and interpreted Section 13 of the Constitution of Kentucky as affording protections which parallel those guaranteed by the Fifth Amendment. We need not decide whether Section 13 of the Constitution of Kentucky compels the result herein. As shown in the foregoing discussion, we have interpreted the statute under review and similar statutes as single offense statutes and as such, a subsequent conviction may not be sustained when the defendant has been previously placed in jeopardy unless the evidence discloses more than one independent violation. Moreover, *Grady v. Corbin, supra,* is dispositive.

Appellant's conviction in the Bourbon Circuit Court is reversed with directions that the indictment be dismissed.

STEPHENS, C.J., and COMBS and LEIBSON, JJ., concur.

WINTERSHEIMER, J., dissents by separate opinion in which REYNOLDS and SPAIN, JJ., join.

WINTERSHEIMER, Justice, dissenting.

I must respectfully dissent from the majority opinion because the Mason County prosecution was based on unlawful retention of the stolen property, whereas the Bourbon County prosecution was based on illegal disposition of the stolen property. Consequently, the double jeopardy analysis does not apply in this situation.

K.R.S. 514.110, Receiving Stolen Property, penalizes either the receipt, retention or disposition of the property. The Mason County prosecution, pursuant to the indictment, was based on the retention and pos-

session of the .357 handgun and Uzi assault weapon. The Mason County indictment does not make any allegation about unlawful disposition. The Bourbon County prosecution was clearly founded on the third theory of receiving stolen property which relates to illegal disposition.

The evidence indicates that Cooley obtained 26 stolen firearms in Mason County. All of these weapons were then transported by him from Mason to Bourbon County where 24 were disposed of by sale to various persons. Two of the guns were kept by Cooley and taken back to Mason County. The sales in Bourbon County were the basis of the indictment which alleged that Cooley retained or disposed of the handguns and it was on the illegal disposition or sale that the Bourbon County prosecution rested.

Palmore's Instructions to Juries (1975) § 4.12 provides a form in regard to receiving stolen property for either of the three theories upon which a prosecution under the statute can be based. The instruction in the Mason County case did not involve disposition and Cooley did not object to the instructions.

*Jones v. Commonwealth,* Ky., 756 S.W.2d 462 (1988) held that double jeopardy was a bar to prosecution when the impulse was single and one indictment lies, no matter how long the action may continue. Here, Cooley had different impulses, to-wit: 1) to retain in Mason County and 2) another to dispose of in Bourbon County.

*Tribbett v. Commonwealth,* Ky., 561 S.W.2d 662 (1978), states that the elements of the two crimes may be different in a case involving conviction for burglary and theft arising out of the same transaction. Each of the crimes requires proof of facts that the other does not. In Mason County, it had to be proven that Cooley retained the .357 and the Uzi whereas in Bourbon County it had to be proven that he disposed of the other 24 guns.

The majority's reliance on *Ingram v. Commonwealth,* Ky., 801 S.W.2d 321 (1990) is misplaced. In that case, there was a single impulse in the sale of two

marijuana cigarettes in a prohibited school zone. Here there were clearly separate impulses which were totally different in character. The Mason County impulse was to retain the weapons where in the Bourbon County case the impulse was to sell or dispose of the weapons. The illegal conduct was not continuous. There were two, separate, criminal impulses. The retention of the stolen property and its disposition was not a single action but multiple actions which took place at different times and in different places.

As I have previously noted in my dissent in *Fair v. Commonwealth*, Ky., 652 S.W.2d 864 at p. 868 (1983), the mere fact that a variety of property was taken at one time does not automatically provide a kind of judicially approved volume discount for the theft. The same principle applies to receiving stolen property. There is no reason for a criminal to limit his loot or the retention or reception of any stolen property if the criminal does not incur a greater penalty because of how much or how often he steals, or how much he retains or disposes of stolen property. The same philosophy was expressed in my dissent in *Jackson v. Commonwealth*, Ky., 670 S.W.2d 828 (1984).

There is no incentive for the criminal conduct to cease and consequently no reason for the criminal to embark on a program of rehabilitation.

It should be noted that Kentucky has long held that there could be different parts in a continuing criminal transaction which are separate offenses and may be separately prosecuted. The rule that a single criminal action cannot be split into separate offenses is not necessarily applicable if different parts of a continuous criminal transaction or series of acts are separate offenses and can be separately proven. *Newton v. Commonwealth*, 198 Ky. 707, 249 S.W. 1017 (1923); see my dissenting opinion in *Ingram v. Commonwealth, supra.*

It should be observed that neither the Kentucky Constitution nor the Federal Constitution should be interpreted or applied as a haven for those who would seek to avoid the consequences of criminal acts. The Constitutions of Kentucky and the United States provide protection for *all* of the citizens, not just those who are accused of criminal acts.

The majority embarks on an analysis of the traditional test for determining successive prosecutions and its relation to double jeopardy principles. I must confess to be somewhat confused by the approach used by the majority in this case. It relies on *Grady v. Corbin*, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990) and then asserts that we have held the Kentucky Constitution to be coextensive with the Federal Constitution in *Ingram, supra*. The difficulty I encounter is that *Ingram* claims to be in concert with *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). It is not clear whether the majority opinion rests on separate, adequate and independent Kentucky principles or whether the majority as it states believes that federal law compelled its conclusion. It does seem that the majority appears to have interwoven federal and state principles. It is not clear that the defendant's rights under the state constitution were distinct from or broader than his rights under the federal constitution.

The exact analytical legal approach to be applied to this situation may be in doubt, but what is not in doubt is that the Mason County prosecution was based on unlawful retention of property whereas the Bourbon County prosecution was based on illegal disposition of property and double jeopardy under either federal or state law does not apply. The illegal conduct was not continuous and there were two separate criminal impulses. If the majority opinion is indeed the law of Kentucky, then the General Assembly should reexamine its approach to K.R.S. 514.110.

The majority determines that *Grady v. Corbin, supra*, is dispositive in this instance. *Grady* was one of the last opinions written by Justice Brennan for a closely divided United States Supreme Court, and it held that the double jeopardy clause of the Federal Constitution bars a subsequent prosecution if, to establish an essential ele-

ment of an offense charged in that prosecution, the government will prove conduct which constitutes an offense for which the defendant had already been prosecuted. The U.S. Supreme Court adopted the dicta of *Illinois v. Vitale*, 447 U.S. 410, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980).

The U.S. Supreme Court states in part that the double jeopardy clause protects against a second prosecution for the same offense after an acquittal and against a second prosecution for the same offense after a conviction and also protects against multiple punishments for the same offense. That is clearly not the case in this situation. The facts here indicate two distinct criminal acts in two different counties at two different times.

It is a fundamental principle of criminal law that no person is to be placed in jeopardy twice for the same offense. Double jeopardy is a simple term readily understood by lawyers and lay people. The Kentucky Constitution § 13 in pertinent part provides that "No person shall, *for the same offense*, be twice put in jeopardy." (Emphasis added.) Such is not the case here.

I would affirm the conviction in all respects.

REYNOLDS and SPAIN, JJ., join in this dissent.