**COMMONWEALTH of Kentucky, Movant,**

v.

**David BASS, Respondent.**

**No. 88–SC–175–CL.**

Supreme Court of Kentucky.

Sept. 28, 1989.

As Corrected Oct. 5, 1989.

Frederic J. Cowan, Atty. Gen., Ian G. Sonego, Asst. Atty. Gen., Frankfort, Bruce R. Hamilton, Sp. Asst. Atty. Gen., LaGrange, for movant.

Stephen P. Durham, Louisville, for respondent.

CERTIFICATION OF THE LAW.

This case comes on to be heard on motion of the Commonwealth for certification of the law on the following two questions:

1. Whether information contained in plea negotiations with a co-defendant, including the length of sentence received, can be introduced into evidence during the penalty phase of a defendant's jury trial?

2. Whether information from the Kentucky State Reformatory Resident Record Card of the co-defendant, including prior convictions of the co-defendant, can be introduced into evidence during the penalty phase of a jury trial?

The answer to both these questions is "no."

KRS 532.055(2)(b) reads as follows:

The defendant may introduce evidence in mitigation for purposes of this section. Mitigating means evidence that the ac-

cused has no significant history of criminal activity which may qualify him for leniency. This section shall not preclude the introduction of evidence which negates ·any evidence introduced by the Commonwealth.

This was a case in which a co-defendant, one Eddie Armstrong, had taken the stand and had sought to assume all the blame for the offense for which Armstrong and Bass were jointly indicted. During the questioning of Armstrong, questions regarding his plea of guilty or convictions of previous felonies were not asked at the trial phase and thus were not subjected to the limitations imposed upon such questions.

It is obvious to this court that none of this evidence qualifies under the statutory definition of mitigating evidence, as that evidence relates solely to the defendant on trial. Also, we are not informed by the respondent what evidence of the Commonwealth any of this negates. In fact, respondent admits that the sole purpose of the introduction of this evidence was to assure that this defendant would receive no greater sentence than the other defendant who had entered the plea of guilty.

We do not find this covered in any way in the statute. We have no statutory provision for comparative analysis of sentencing in this type of case. What an unending road that would lead us down. The purpose of the "Truth-in-Sentencing Act"—KRS 532.055—is to insure having a jury well informed about all pertinent information relating to the person on trial. It cannot be used to wheelbarrow into evidence incompetent evidence relating to third persons.

The details of a plea bargaining agreement with a co-defendant and the record of that co-defendant are incompetent evidence and cannot be introduced during the sentencing phase of the trial under the provisions of KRS 532.055(2)(b).

The law is so certified.

STEPHENS, C.J., and GANT, LAMBERT, VANCE and WINTERSHEIMER, JJ., concur.

COMBS and LEIBSON, JJ., dissent.

LEIBSON, J., files a dissenting opinion in which COMBS, J., joins.

LEIBSON, Justice, dissenting.

Respectfully, I dissent.

In the particular circumstances of this case the co-defendant's negotiated plea and reduced sentence for equal participation in the same offense, and his prior convictions, were relevant to "negate" the Commonwealth's evidence at the sentencing phase of the defendant's prior record. KRS 532.-055(2)(b) permits in pertinent part, "the introduction of evidence which *negates any evidence* introduced by the Commonwealth." (Emphasis added.)

Under Truth–In–Sentencing, because the Commonwealth introduced proof of collateral criminal activity to induce a more severe sentence, the accused should be permitted the evidence here admitted to mitigate against a disproportionately harsh sentence. This is half Truth–In–Sentencing; admitting only the evidence that prejudices the accused.

I would affirm the trial court.

COMBS, J., joins.