Christopher Adam **MABE**, Appellant,

v.

**COMMONWEALTH of Kentucky,**
Appellee.

No. 92–SC–284–MR.

Supreme Court of Kentucky.

Sept. 29, 1994.

Oleh R. Tustaniwsky, Asst. Public Advocate, Dept. of Public Advocacy, Frankfort, for appellant.

Chris Gorman, Atty. Gen., David A. Sexton, Lana Grandon, Asst. Attys. Gen., Criminal Appellate Div., Frankfort, for appellee.

LAMBERT, Justice.

Appellant, Christopher Adam Mabe, was convicted in the Jefferson Circuit Court of Intentional Murder and Theft by Unlawful Taking over $100.00. He was sentenced respectively to life and five years imprisonment, and appeals as a matter of right.

Appellant has not questioned the sufficiency or validity of the evidence used to convict him of intentional murder and theft by unlawful taking. Instead, he assigns error with respect to the voir dire proceedings, jury instructions, and sentencing phase testimony. The essential facts follow.

Appellant had an extensive history of alcohol and drug abuse and was drinking and using drugs on the night of the crimes. Appellant was acquainted with the victim, Stephanie Phillips, the two had been on a date together on the night of her murder, and appellant and Phillips were last seen together at 2:15 a.m. on the morning of her death. At that time, appellant was seen driving Phillips' automobile, which he was subsequently accused of stealing. Later that same morning, appellant's mother, Judith Mabe, was awakened in her bedroom by the appellant. Ms. Mabe testified that she kept a .22 calibre rifle stored in her bedroom and that it was no longer there. Phillips' body was found at a local park with two .22 calibre bullet wounds to the head. Testimony was offered that appellant and Phillips had earlier discussed going to the park.

It was uncontested that appellant was drunk on the night in question and the following morning. Appellant told his friends that Phillips was at her home passed out drunk. Appellant and a friend left for Florida later on the morning of the crime. Evidence was presented that appellant, using another persons' identification, pawned a .22 calibre rifle in a Georgia pawn shop. Appellant's mother learned of Phillips' death and of the fact that appellant was in Florida. It was alleged that appellant admitted to his traveling companion that he had killed Phillips.

Appellant was arrested in Florida and admitted to police that he had shot a woman in Kentucky with a .22 calibre rifle. Appellant stated that he remembered pulling the trigger but did not remember why he had done so. He later testified at trial and again admitted killing Phillips but stated that he was too drunk at the time of the shooting to remember why he had taken such action. The jury rejected the defense of intoxication and found appellant guilty of intentionally murdering Phillips and of theft by the unlawful taking of Phillips' automobile.

Appellant's first contention is that he was denied his constitutional right to a fair and impartial jury by the trial court's failure to strike for cause three jurors. He alleges that the jurors in question were so biased in their inability to consider the minimum sentences for intentional murder or alcohol and drug use in mitigation of punishment that the trial court erred by not removing them for cause and as a result he was prejudiced by having to exercise peremptory challenges on three potential jurors. The Commonwealth argues that such a decision is broadly within the discretion of the trial court and that no abuse of discretion occurred here.

The law recognizes that the trial court is vested with broad discretion to determine whether a prospective juror should be excused for cause (See *McQueen v. Commonwealth*, Ky., 669 S.W.2d 519 (1984), *Pennington v. Commonwealth*, Ky., 455 S.W.2d 530 (1970) and *Tarrence v. Commonwealth*, Ky., 265 S.W.2d 40 (1953)), but if it is later determined that a juror should have been excused and was not, such would be reversible error because the defendant had to use a peremptory challenge and was thereby deprived its use otherwise. *See Thomas v. Commonwealth*, Ky., 864 S.W.2d 252, 259 (1993).

Individual voir dire was conducted in an effort to insure that each prospective juror was able to consider the entire range of penalties applicable to the crimes charged. The three jurors in question were Michael McGuffin, Douglas Conway, and Frances Joyner, each of whom appellant sought to have stricken for cause, but who were later stricken peremptorily. For purposes of the following discussions as to the specific allegations of prejudice, it should be noted that during individual voir dire, the trial judge, in accordance with *Morris v. Commonwealth*, Ky., 766 S.W.2d 58 (1989), informed each prospective juror of the penalty range for all homicide crimes and inquired if they would automatically exclude any authorized penalty. A similar inquiry was made with respect to possible mitigation of punishment due to drug and alcohol use. Moreover, the trial court permitted counsel for the Commonwealth and the defendant to ask follow-up questions. When follow-up questioning revealed any inconsistencies or confusion, the trial court again asked if the prospective juror could apply the facts to the law as given by the court and fairly consider all of the evidence presented.

Appellant first argues that juror Michael McGuffin should have been stricken because he had stated that he did not believe he could seriously consider the minimum sentence of twenty years imprisonment for intentional murder. However, as noted by the Commonwealth and conceded by the appellant, McGuffin did state on follow-up that he could consider such a sentence if instructed to do so. Additionally, McGuffin indicated to the trial court that, depending upon the severity of the evidence, he could consider every possible sentence from the minimum to the maximum penalty allowed and that he could consider intoxication in mitigation of the offense.

Appellant next argues that juror Douglas Conway should have been stricken because he stated that he felt that if a person killed another, the life of the killer should also be taken and that he felt a twenty-year sentence for an intentional murder would be a lenient sentence. Again, as noted by the Commonwealth and conceded by the appellant, Conway revealed that he believed that he could as seriously consider a twenty-year sentence as well as a death sentence. The trial court noted in regard to Conway's answers to voir dire that he had stated clearly throughout the examination that he would follow the law as it was given to him by the trial court.

Appellant finally argues that juror Frances Joyner should have been stricken because of her strong beliefs concerning alcohol. She stated that she would have a hard time considering a lesser sentence for murder when alcohol was involved and that such feelings would impair her ability to follow jury instructions. When questioned by defense counsel, Joyner admitted to being confused about what effect intoxication might have in the sentencing phase and said that she did not understand the role of alcohol in mitigation of the sentence. However, in follow-up questioning, Joyner stated that she could consider alcohol in mitigation. The trial court specifically asked Joyner if she could

follow an instruction as a juror that she "shall consider" alcohol intoxication in consideration of this case. Joyner explained that she could consider that factor if so instructed by the trial court and that she would consider everything she heard from the witness stand.

This Court's recent decision in *Montgomery v. Commonwealth*, Ky., 819 S.W.2d 713 (1992), provides the foundation for our analysis of the qualifications of these jurors and the correctness of the trial court's rulings. *Montgomery* directs attention to the totality of the evidence on voir dire with the comprehensive question being whether the juror has a mental attitude of "appropriate indifference." *Montgomery* rejects the idea that a magic question may be asked which can rehabilitate a juror whose answers to voir dire questions demonstrate a pervasive prejudice. On the other hand, *Montgomery* does not eliminate trial court discretion or absolve the trial court of its duty to evaluate the answers of prospective jurors in context and in light of the juror's knowledge of the facts and his understanding of the law. *Sanders v. Commonwealth*, Ky., 801 S.W.2d 665 (1991).

 Voir dire examination occurs when a prospective juror quite properly has little or no information about the facts of the case and only the most vague idea as to the applicable law. At such a time a juror is often presented with the facts in their harshest light and asked if he could consider imposition of a minimum punishment. Many jurors find it difficult to conceive of minimum punishment when the facts as given suggest only the most severe punishment. Similarly, many citizens are astounded to learn that being under the influence of drugs or alcohol may be considered by them as factors mitigating the punishment which should be imposed. Predictably, when asked whether they believe being under the influence should mitigate punishment, the answer is often in the negative. A per se disqualification is not required merely because a juror does not instantly embrace every legal concept presented during voir dire examination. The test is not whether a juror agrees with the law when it is presented in the most extreme manner. The test is whether, after having heard all of the evidence, the prospective juror can conform his views to the requirements of the law and render a fair and impartial verdict. In *Patton v. Yount*, 467 U.S. 1025, 1038–39, 104 S.Ct. 2885, 2892–93, 81 L.Ed.2d 847 (1984), the Supreme Court analyzed the qualifications of jurors in circumstances not dissimilar to these. In an insightful comment particularly appropriate to these circumstances, the Court said:

> It is well to remember that the lay persons on the panel may never have been subjected to the type of leading questions and cross-examination tactics that frequently are employed, and that were evident in this case. Prospective jurors represent a cross section of the community, and their education and experience vary widely. Also unlike witnesses, prospective jurors have had no briefing by lawyers prior to taking the stand. Jurors cannot be expected invariably to express themselves carefully or even consistently. Every trial judge understands this, and under our system it is that judge who is best suited to determine the competency to serve impartially. The trial judge properly may choose to believe those statements that were the most fully articulated or that appeared to have been least influenced by leading.

The record here demonstrates a thorough voir dire examination by the court and counsel and carefully considered rulings on appellant's challenges for cause. With due deference to the opportunity of the trial court to observe the demeanor of the prospective jurors and understand the substance of their answers to voir dire questions, we find no error in the court's rulings.

 Appellant next attacks the striking for cause of three jurors because of their inability to set aside their views about the death penalty. He argues that the process of "death qualification" of potential jurors offends the basic principles of justice and violates the Sixth and Fourteenth Amendments to the United States Constitution and Sections 2, 7, and 11 of the Kentucky Constitution. These contentions are entirely without merit. *Witherspoon v. Illinois*, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968),

*Wainwright v. Witt,* 469 U.S. 412, 424, 105 S.Ct. 844, 852, 83 L.Ed.2d 841 (1985), and *Harper v. Commonwealth,* Ky., 694 S.W.2d 665 (1985).

■ Appellant next contends that an instruction on intoxication should have been included within the instructions for intentional murder and first-degree manslaughter rather than as a separate instruction.

Both parties have presented arguments as to whether appellant was entitled to an intoxication instruction at all. Without deciding that issue, since such an instruction was given, we will simply address whether the separate intoxication instruction was proper or whether it should have been included within the instructions on intentional murder and first-degree manslaughter as appellant contends.

■ It is well settled that a trial court must instruct the jury on the whole law of the case. *Barbour v. Commonwealth,* Ky., 824 S.W.2d 861 (1992), *overruled on other grounds, McGinnis v. Commonwealth,* Ky., 875 S.W.2d 518 (1994); *Commonwealth v. Collins,* Ky., 821 S.W.2d 488 (1991). Additionally, the trial court must present any theory of the defense which is supported by the evidence. *Kohler v. Commonwealth,* Ky., 492 S.W.2d 198 (1973); *Cooley v. Commonwealth,* Ky., 459 S.W.2d 89 (1970).

The trial court instructed the jury as follows concerning the defense of intoxication:

### No. 8—INTOXICATION

Even though the defendant, Christopher Adam Mabe, might otherwise be guilty of Intentional Murder under Instruction No. 1 or First Degree Manslaughter under Instruction No. 3, you shall not find him guilty under those Instructions if, at the time he committed the offenses, if he did so, he was so intoxicated that he did not form the intention to commit the offenses.

Assuming that appellant was entitled to such an instruction, there was no error in the instruction as given. In *Brown v. Commonwealth,* Ky., 575 S.W.2d 451 (1978), this Court set out the guidelines for a separate intoxication instruction to be given to juries in relevant cases,

If it is to be submitted and the mass of evidence on the subject is to have any comprehensible meaning to the jury it must be accompanied by an instruction in substantially the following form.

*Id.* at 452. Immediately following the above quotation is the model instruction which was given in this case. We hold that the instruction as given was proper. *See Bills v. Commonwealth,* Ky., 851 S.W.2d 466 (1993), reiterating the viability of *Brown v. Commonwealth, supra.*

■ Appellant next contends that the Commonwealth was improperly permitted to introduce inflammatory and irrelevant evidence at the truth-in-sentencing phase of the trial. The Commonwealth argues that in the interest of keeping a "well-informed jury," such evidence was properly admitted.

KRS 532.055(2)(a) provides that the Commonwealth is entitled to inform the jury of "prior convictions of the defendant, both felony and misdemeanor; [and] the nature of the prior offenses for which he has been convicted." Moreover, this Court has endorsed the theory of an "enlightened jury in its consideration and assessment of an appropriate penalty," and found that the purpose of KRS 532.055 was to assure a well-informed jury. *See Boone v. Commonwealth,* Ky., 780 S.W.2d 615, 616 (1989); *Commonwealth v. Reneer,* Ky., 734 S.W.2d 794, 797 (1987).

The evidence at issue is the testimony of Edna Thomas, a supervisor in the Jefferson Circuit Court, who testified about the appellant's prior misdemeanor convictions in Jefferson District Court. Specifically, she disclosed the fact that Mabe had been previously convicted of driving under the influence, having no operator's license, public intoxication, and the unauthorized use of a motor vehicle belonging to Stephanie Phillips, but also of the events which led to those convictions and the subsequent disposition of those charges. While the evidence presented pursuant to the truth-in-sentencing statute was considerable, it did not go beyond a permissible disclosure of the nature of the prior offenses. Moreover, the evidence was in furtherance of the purpose of the act "to insure having a jury well-informed about all pertinent information relating to the person on

trial." *Commonwealth v. Bass,* Ky., 777 S.W.2d 233, 234 (1989). The trial court did not err in admitting this evidence.

 Finally, the appellant correctly contends that the trial court erred in ordering his five (5) year sentence to run consecutively with his life sentence. The Commonwealth agrees with this contention and that no sentence can be ordered to run consecutively with a life sentence in any case. Therefore, in accordance with this Court's recent decision in *Bedell v. Commonwealth,* Ky., 870 S.W.2d 779 (1994) overruling *Rackley v. Commonwealth,* Ky., 674 S.W.2d 512 (1984), this case is remanded to the Jefferson Circuit Court for the limited purpose of correcting the judgment to require service of appellant's five-year sentence concurrently with the term of life imprisonment previously imposed.

In all other respects, the judgment is affirmed.

All concur.