Arville HUBBARD, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

No. 94–CA–002811–MR.

Court of Appeals of Kentucky.

May 10, 1996.

Discretionary Review Denied by
Supreme Court Nov. 13, 1996.

Susan J. Balliet (briefed), Prospect, brief for Appellant.

Chris Gorman, Former Attorney General, Ian G. Sonego, Assistant Attorney General, Criminal Appellate Division (briefed), Frankfort, brief for Appellee.

Before LESTER, C.J., and COMBS and JOHNSON, JJ.

JOHNSON, Judge:

Appellant Arville Hubbard (Hubbard) appeals his conviction and 10–year prison sentence for robbery in the first degree (Kentucky Revised Statutes (KRS) 515.020) entered by the Knox Circuit Court on November 9, 1994, following a jury trial. We affirm.

Hubbard's conviction arose from a purse snatching incident. According to the testimony offered at trial, Dolly Hensley, age 74, was sitting on a bench outside of a grocery store when Hubbard sat down next to her. After attempting a conversation with Mrs. Hensley, Hubbard grabbed her purse and began to run away. Mrs. Hensley testified that Hubbard grabbed her purse hard enough to pull her off the bench and onto the sidewalk before the shoulder strap of the

purse broke. Additional facts will be further developed where necessary.

Hubbard's first argument on appeal is that the trial court committed reversible error in dismissing one of the jurors. Thirteen jurors were seated to hear the case. Following the conclusion of evidence and prior to instructing the jury, the trial court was informed that one of the jurors needed to discuss something with the trial court. After two previous conversations with the juror and discussions with both counsel, the conversation between the trial judge and the juror continued as follows:

Court: ... Are you telling me now then, that if you were ordered by the Court to follow the instructions, that you could not do so, based on your religious beliefs?

Juror: The Bible says not to judge anyone, and, I am not no judge.

Court: Okay—does that mean that it will be as difficult for you to judge a person not guilty, as it would guilty?

Juror: Do you mean for me to go in there and say he's guilty?

Court: Right.

Juror: I mean, not guilty.

Court: Not guilty—do you believe it's just—are you saying that it's against your religious beliefs to participate as a juror?

Juror: Yeah—and, I shouldn't have come up here—I mean, I should have told you before, but I didn't—but, even though that I am—think that he is guilty, I couldn't judge—that would be judging, even if I thought he was not guilty.

Court: So, it would be judging, either way—is that what you are saying?

Juror: Yeah.

Court: Okay—okay—you may be excused as the alternate.

Juror: I am sorry I caused so much trouble. I didn't mean to.

Court: That's all right. You are excused until tomorrow. As the Court indicated, I have excused her as the alternate under 47.02 and 9.36 of the Criminal Rules—47.02 of the Civil Rules—the Court is aware of defense counsel's objections, but those objections are overruled. In the Court's opinion, this juror—the excuse of this juror has not prejudiced the defendant nor the Commonwealth, due to the fact that the juror, particularly in the last response, has indicated that she could not vote for a verdict, either in favor of the defendant, or in favor of the Commonwealth. She could not, in fact, follow the Court's instructions, as she has stated [ ], so over the defense's objections, she is excused as an alternate.

Following dismissal of the juror as the alternate, the trial continued with the remaining twelve jurors. Hubbard contends that the trial court's dismissal of the juror as the alternate resulted in non-random selection of the alternate in violation of his rights to due process and a fair trial.

Under Kentucky Rules of Civil Procedure (CR) 47.02,[1] if it becomes necessary to dismiss a juror for any reason, the trial is to continue unless the number of remaining jurors is less than that required by law. Thus, this rule contemplates that occasions will arise when it becomes necessary to dismiss a juror. *Davis v. Commonwealth*, Ky., 795 S.W.2d 942, 949 (1990). We must consider whether the trial court's dismissal of the juror in question was clearly erroneous resulting in an abuse of discretion. *Sanders v. Commonwealth*, Ky., 801 S.W.2d 665, 670 (1990), *cert. denied*, 502 U.S. 831, 112 S.Ct. 107, 116 L.Ed.2d 76 (1991); *McQueen v. Commonwealth*, Ky., 669 S.W.2d 519, 521

1. Pursuant to Kentucky Rules of Criminal Procedure (RCr) 13.04, the Kentucky Rules of Civil Procedure are applicable to criminal proceedings to the extent they are not superseded by or inconsistent with the criminal procedural rules. *See*

*also Commonwealth v. Burris*, Ky., 590 S.W.2d 878, 879 (1979), overruled on other grounds, *Commonwealth v. Brindley*, Ky., 724 S.W.2d 214 (1986).

(1984), *cert. denied,* 469 U.S. 893, 105 S.Ct. 269, 83 L.Ed.2d 205 (1984).

■ Here, the reason for the juror's disqualification did not become evident until the close of evidence due to the juror's failure to voice her religious beliefs during voir dire. The trial court engaged in extensive questioning of the juror and only after it became evident that the juror would not follow the instructions as given by the trial court due to her religious beliefs was the juror removed. Thus, it was shown that the juror would have been unable to conform her views to what was required by law and would be unable to render a fair and impartial verdict. *Mabe v. Commonwealth,* Ky., 884 S.W.2d 668, 671 (1994). The trial court's dismissal of the juror by designating her as the alternate did not interfere with the randomness of the jury selection process. *See George v. Commonwealth,* Ky., 885 S.W.2d 938, 941 (1994).

■ Hubbard correctly asserts that a trial court is to resolve all doubts as to the competency of a juror in favor of the defendant. *Calvert v. Commonwealth,* Ky.App., 708 S.W.2d 121, 123 (1986). However, as shown by the dialogue between the juror in question and the trial court, there was no ambiguity as to the juror's inability to return a fair and impartial verdict as she clearly stated that due to her religious beliefs she would be unable to return a verdict in favor of Hubbard or the Commonwealth. Therefore, the trial court's dismissal of the juror by designating her as the alternate was proper and not clearly erroneous so as to amount to an abuse of discretion.

■ Hubbard next argues that the trial court erred in not granting his motion for a directed verdict as to the charge of robbery in the first degree due to lack of adequate proof of injury.[2] On review, we can reverse a trial court's refusal to grant a directed verdict only if it would be clearly unreasonable for a jury to find a defendant guilty based upon the evidence as a whole. *Commonwealth v. Benham,* Ky., 816 S.W.2d 186, 187 (1991).

■ Mrs. Hensley testified that she was taken to the hospital immediately following the robbery because of pain in her left hip. X-rays of her left hip did not reveal any fracture. She further testified that she had no trouble with her left hip prior to the robbery, but on the date of the trial it continued to hurt and caused her to feel like her left leg "gives away". Furthermore, she testified that she had to use a wheelchair around the house and could no longer do her own shopping. However, she had not sought further medical treatment for her left hip. No expert medical testimony was offered as to the extent of any injury Mrs. Hensley suffered as a result of the robbery.

■ Under KRS 515.020(1)(a), a person is guilty of robbery in the first degree if in the course of committing a theft he uses physical force against another person and causes physical injury. "Physical injury" is defined in KRS 500.080(13) as "substantial physical pain or any impairment of physical condition." "Impairment of physical condition" has been defined by this Court as "injury." *Meredith v. Commonwealth,* Ky.App., 628 S.W.2d 887, 888 (1982). It is well established that expert testimony is not required to prove physical injury. *Commonwealth v. Hocker,* Ky., 865 S.W.2d 323, 325 (1993); *Key v. Commonwealth,* Ky.App., 840 S.W.2d 827, 829 (1992). Victims of crime are competent to testify as to any injury sustained as a result of the crime. *Ewing v. Commonwealth,* Ky., 390 S.W.2d 651, 653 (1965). Thus, Mrs. Hensley's testimony as to the pain in her left hip both immediately following the robbery and thereafter is sufficient to establish that she suffered a physical injury as a result of Hubbard's act.

■ Hubbard argues that since assault in the first degree under KRS 508.010 is also a class B felony and requires proof of "serious physical injury," it is a violation of his equal protection right to convict him of the class B felony of robbery on a showing of physical injury alone as opposed to serious physical injury. We disagree. Unlike assault in the

---

**2.** Since we agree with the Commonwealth that it presented adequate evidence of physical injury, we need not consider the Commonwealth's argu-ment that Hubbard failed to properly preserve this issue for appeal.

first degree, which only requires injury to the victim, robbery in the first degree under KRS 515.020(1)(a) requires both a theft and a physical injury, with the injury being an aggravating factor.

Having considered Hubbard's arguments on appeal, we affirm his conviction for robbery in the first degree.

All concur.