RENDERED: SEPTEMBER 23, 2010
TO BE PUBLISHED

**Supreme Court of Kentucky**

2007-SC-000123-DG
2007-SC-000603-DG

FINAL

DATE _10-14-10 Althea Hicks_

HEATHER ROSE                                    APPELLANT/CROSS-APPELLEE


ON REVIEW FROM COURT OF APPEALS
V.                CASE NO. 2005-CA-001211-MR
ESTILL CIRCUIT COURT NO. 04-CR-00003


COMMONWEALTH OF KENTUCKY              APPELLEE/CROSS-APPELLANT


**OPINION OF THE COURT BY JUSTICE SCOTT**

**REVERSING**

On May 17, 2005, the Estill Circuit Court entered an order suppressing the fruits of a vehicle search conducted incident to the arrest of Heather Rose, Appellant. The evidence directly implicated Appellant in four counts of Possession of Stolen Mail Matter and three counts of Criminal Possession of a Forged Instrument in the second degree. On direct appeal to the Kentucky Court of Appeals, the Commonwealth successfully argued that the trial court's order ran awry of established Fourth Amendment precedent of the United States Supreme Court. The Court of Appeals issued an opinion reversing the Estill Circuit Court's suppression order, finding the search reasonable as

incident to an arrest. We granted discretionary review to determine the correctness of that opinion, and now reverse the Court of Appeals.[1]

## Facts

On November 19, 2003, Estill County Deputy Sheriff, Kevin Hardy, proceeded to Appellant's home, intending to arrest her pursuant to two arrest warrants[2] and to question her regarding certain stolen checks. En route, Hardy noticed a vehicle driven by Danny Rose, Appellant's spouse, and recognized the passenger in the vehicle as Appellant. As he observed the vehicle, he witnessed Appellant's "head go down into the seat."

After stopping the vehicle, Hardy discovered that Appellant was no longer in the passenger compartment and that "the back seats of the vehicle had a little gap between them and the trunk." Hardy further testified that he "thought she probably had laid those seats down and climbed into the trunk." Hardy's suspicions were confirmed when Appellant's spouse admitted that his wife was in the trunk of the vehicle. Hardy then removed Appellant via the back seat entrance to the trunk, and executed the two outstanding warrants for her arrest.

Upon securing Appellant in the back of his cruiser, Hardy obtained Mr. Rose's consent to search the vehicle where he found a purse, a little leather

---

[1] After granting Appellant's motion for discretionary review to decide whether the Court of Appeals correctly determined that the search was valid as a search incident to arrest, the Commonwealth filed a cross-appeal which we also granted. However, both address essentially the same issue disposed of herein.

[2] Although there was testimony regarding one of the warrants (issued for traffic fines), the record is unclear regarding the second warrant.

bag, and a change purse. A further search of these items yielded checks, which Appellant admitted derived from stolen mail.

Subsequently, the Commonwealth charged Appellant with various counts of Possession of Stolen Mail Matter and Criminal Possession of a Forged Instrument in the second degree, violations of KRS 514.150 and KRS 516.060. After pleading not guilty, Appellant moved to suppress the contents of the purse, bag, and change purse, arguing that they were the products of an unconstitutional search under the Fourth Amendment of the United States Constitution and under Section Ten of the Kentucky Constitution. Appellant specifically asked the trial court to find the search unreasonable because, among other reasons, Appellant was not near the vehicle at the time of the search and because Hardy testified that he never felt that he was in danger. The Commonwealth reasoned that the search was incident to an arrest and, furthermore, was constitutional because Appellant's spouse consented to Hardy's request to search the vehicle.[3]

After ordering the parties to brief the issue, the trial court held the search unreasonable and granted Appellant's motion to suppress. In support of its decision, the trial court reasoned that the search was not incident to arrest because "that is not what the Deputy testified to." The trial court further found that although Mr. Rose consented to the search of the vehicle, there was no evidence to support the notion that Mr. Rose possessed the

---

[3] Although Appellant argued lack of consent before the trial court and it was mentioned in the Court of Appeals' opinion, neither the Commonwealth nor the Appellant raised this issue before this Court.

3

authority to give Hardy permission to search his wife's possessions. The Commonwealth sought review as a matter of right in the Kentucky Court of Appeals.

Aptly relying on *New York v. Belton*, 453 U.S. 454 (1981), the Court of Appeals reversed the Estill Circuit Court, reasoning that the search in this case was incident to Appellant's lawful arrest because she was a recent occupant of the vehicle. We subsequently granted discretionary review.

After we granted review, but before we decided the issue, the United States Supreme Court granted a writ of certiorari in *State v. Gant*, 162 P.3d 640 (Ariz. 2007). That case involved facts markedly similar to those here—the search of a vehicle, allegedly incident to an arrest, after officers secured the arrestees in the back of a patrol car. In light of the factual and legal similarities, we ordered this matter held in abeyance pending a ruling from our federal counterpart.

In the mean time, however, we rendered an opinion in *Henry v. Commonwealth*, 275 S.W.3d 194 (Ky. 2008). There, this Court, like the Court of Appeals in this case, rejected the appellant's argument that because "he was in the back of the police cruiser and could not reach into his vehicle either to arm himself or to destroy evidence, the grounds for a *Belton* search did not exist and the search of his vehicle was therefore unlawful." *Henry*, 275 S.W.3d at 200-01. Indeed, in *Henry*, we relied upon several previous decisions from this Court which rejected identical arguments to those made here. *See, e.g.,*

4

*Rainey v. Commonwealth,* 197 S.W.3d 89 (Ky. 2006); *Penman v. Commonwealth,* 194 S.W.3d 237 (Ky. 2006).

Following *Henry,* the United States Supreme Court decided *Arizona v. Gant,* 129 S.Ct. 1710 (2009), redefining the constitutional analysis surrounding the search of a vehicle incident to the arrest of a recent occupant. This approach, as discussed below, directly contradicts our existing jurisprudence on the subject. Thus, we now find it necessary to bring the jurisprudence of this Commonwealth into compliance with that of our nation's highest court.

In *Chimel v. California,* 395 U.S. 752 (1969), the United States Supreme Court held "that a search incident to arrest may only include the arrestee's person and the area within his immediate control—construing that phrase to mean the area from within which he might gain possession of a weapon or destructible evidence." *Gant,* 129 S.Ct. at 1716 (*citing Chimel,* 395 U.S. at 763) (internal quotations omitted). Just over a decade later, the Supreme Court expanded the scope of *Chimel,* reading it to encompass not only vehicle searches incident to the arrest of a recent occupant, but searches of any containers enclosed therein. *Belton,* 453 U.S. 454. And in a more recent case, the Supreme Court interpreted its *Belton* decision to mean: "when a police officer makes a lawful custodial arrest of an automobile's occupant, the Fourth Amendment allows the officer to search the vehicle's passenger compartment as a contemporaneous incident of arrest." *Thornton v. United States,* 541 U.S. at 615 (2004). In *Thornton,* the Supreme Court, citing a need for a bright-line

rule, held that *Belton* applies even when the officers do not make contact with the arrestee until after he has exited the vehicle. *Id.* at 617. As a result of *Chimel's* progeny, a plethora of courts have now construed the Fourth Amendment of the United States Constitution and *Belton* as allowing a vehicle search incident to the arrest of a recent occupant "even if there is no possibility the arrestee could gain access to the vehicle at the time of the search." *Gant,* 129 S.Ct. at 1718.

Concerned with the "clarity" of *Belton* and questioning its "fidelity to Fourth Amendment principles," a chorus of voices, including many courts and scholars, implored the Supreme Court to revisit the line of cases controlling vehicle searches incident to arrest. *Id.* at 1716. Among them was Arizona in the matter of *State v. Gant,* 162 P.3d 640.

In *Gant,* police officers arrested a defendant for driving on a suspended license, handcuffed him, and placed him in the back of a patrol car. 129 S.Ct. at 1714. After securing Gant, the police searched his vehicle and discovered incriminating evidence in the pocket of a jacket on the backseat. *Id.* Following various lower court rulings, the Arizona Supreme Court ordered the evidence suppressed, relying on the fact that Gant "could not have accessed his car to retrieve weapons or evidence at the time of the search." *Id.* In support of its decision, that court distinguished *Belton* "as a case concerning the permissible scope of a vehicle search incident to arrest and concluded that it did not answer the threshold question whether the police may conduct a search

incident to arrest at all once the scene is secure." *Id.* at 1715 (internal quotations and citations omitted).

On *certiorari*, and agreeing with the Arizona court, the United States Supreme Court noted Justice O'Connor's observation in *Thornton* that: "lower court decisions seem now to treat the ability to search a vehicle incident to the arrest of a recent occupant as a police entitlement rather than as an exception justified by the twin rationales of *Chimel*." *Gant*, 129 S.Ct. at 1718 (*citing Thornton*, 541 U.S. at 624 (O'Connor, J., concurring in part)). In rejecting the notion that police possessed such entitlement, the Court noted that the central concern of the Fourth Amendment was to prevent "giving police officers unbridled discretion to rummage at will among a person's private effects." *Gant*, 129 S.Ct. at 1720. With this concern in mind, the Court held that a broad application of *Belton*, which allows vehicle searches incident to any arrest, as "anathema to the Fourth Amendment." *Id.* at 1722. The Court reasoned that the exceptions created in *Belton* were for "genuine [officer] safety or evidentiary concerns encountered during the arrest of a vehicle's recent occupant" and concluded that where "there is no possibility that an arrestee could reach into the area that law enforcement officers seek to search, both justifications for the search-incident-to-arrest exception are absent and the rule does not apply." *Id.* at 1716.

However, just short of ending its analysis, the Court found it pertinent to note that when considering the constitutionality of a vehicle search incident to the arrest of a recent occupant, a court may find the search constitutional even

7

where the arrestee is secured if "it is reasonable to believe *evidence relevant to the crime of arrest might be found in the vehicle.*" *Id.* at 1714 (emphasis added). With these principles in mind, we turn to the case at bar.

In this case, at the time of the search, Appellant was secured in the back of Hardy's cruiser. As a result, there was no possibility Appellant could have gained access to the vehicle to destroy evidence or to access a weapon. Therefore, in light of the Supreme Court's ruling in *Gant*, we hold the search unconstitutional. To the extent that our decisions in *Rainey, Henry, Penman,* or any other cases promulgated by this Court conflict with *Gant*, they are expressly overruled.

With regard to *Gant*'s alternative rule—that an officer may search a vehicle even when the arrestee is secured if he has a reasonable suspicion that the vehicle harbors evidence of the *crime of arrest*—we are satisfied that Hardy did not possess the requisite reasonable suspicion. As the record reveals, Hardy directly testified that he was *not* searching the vehicle in an attempt to locate evidence relating to the two warrants. Thus, we cannot conclude that the search satisfies constitutional muster under *Gant*'s alternative analysis. Therefore, we hold that the search in this case was unconstitutional and the evidence procured the fruit of a poisonous tree.

For the foregoing reasons, the opinion of the Court of Appeals is reversed and the order suppressing the evidence is reinstated.

All sitting. All concur.

8

COUNSEL FOR APPELLANT/CROSS-APPELLEE:

Joseph Brandon Pigg
Assistant Public Advocate
Department of Public Advocacy
100 Fair Oaks Lane, Suite 302
Frankfort, KY 40601


COUNSEL FOR APPELLEE/CROSS-APPELLANT:


Jack Conway
Attorney General of Kentucky

Jeffrey Allan Cross
Criminal Appellate Division
Office of the Attorney General
1024 Capital Center Drive
Frankfort, KY 40601