RENDERED: SEPTEMBER 1, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0982-MR

RANDY ROGERS          APPELLANT

APPEAL FROM LOGAN CIRCUIT COURT
v.      HONORABLE JOE W. HENDRICKS, JR., JUDGE
ACTION NO. 21-CR-00348

COMMONWEALTH OF KENTUCKY          APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: COMBS, DIXON, AND ECKERLE, JUDGES.

ECKERLE, JUDGE: Appellant, Randy Rogers (Appellant) entered an unconditional, guilty plea to multiple crimes. The Trial Court sentenced him according to the terms of the plea agreement. He appeals as a matter of right, raising an unpreserved allegation of double jeopardy. For the reasons announced below, we affirm.

## BACKGROUND

The facts of the case are not readily developed because Rogers waived his constitutional right to a jury trial and entered an unconditional guilty plea. What can be pieced together from the sparse record is a bizarre series of violent and potentially deadly actions committed in succession on July 16, 2021. It appears that Rogers, while intoxicated and carrying a machete, first entered a residence and held the machete to a woman's throat. She pushed Rogers and the machete away, and Rogers left. Rogers returned moments later; this time he armed himself with a smaller knife and forcibly entered the residence. He pointed the knife at a man in the residence and asked if the man wanted to die. Rogers then went outside and, now sporting brass knuckles, he punched a third victim multiple times, resulting in no visible injuries. Police were dispatched. When the police officers arrived, Rogers fled in a motor vehicle, and police pursued him until he wrecked his car. A subsequent, breath test revealed a blood alcohol content of 0.134, well above the legal limit for motor vehicle operation.

The Logan County Grand Jury subsequently indicted Rogers for 21 crimes: two counts of burglary, first degree; two counts of assault, fourth degree; five counts of wanton endangerment, first degree; one count of disorderly conduct, second degree; one count of fleeing or evading police, first degree; four counts of disregarding stop sign; two counts of disregarding traffic control device, traffic

light; one count of reckless driving; one count of improper passing; one count of operating motor vehicle under the influence of alcohol, first offense; and one count of being a first-degree persistent felony offender.

Rogers subsequently accepted the Commonwealth's offer on a plea of guilty. Pursuant to the terms of the unconditional plea agreement, Rogers would receive a total sentence of imprisonment for 17 years, 12 of which would be subject to 85% parole eligibility, and five of which would be subject to 20% parole eligibility. Pursuant to the agreement, Rogers entered guilty pleas to the following charges: two counts of burglary, first degree; two counts of assault, fourth degree; five counts of wanton endangerment, first degree; one count of disorderly conduct, second degree; one count of fleeing or evading police, first degree; and one count of operating a motor vehicle under influence of alcohol, first offense. The remaining charges, including the first-degree persistent felony offender charge, were dismissed by agreement.

During sentencing, Rogers gave summary details about the crimes he committed against the man and woman in the residence, but he gave no additional guidance about the victim of the attack with brass knuckles. The Trial Court accepted the guilty pleas and sentenced Rogers in accordance with the agreement. Rogers then timely appealed the unconditional plea.

## ANALYSIS

Rogers raises one claim on appeal, relating solely to charges stemming from the fight with brass knuckles. He admits his sole issue on appeal is not preserved. He alleges that one of his assault, fourth degree charges should be dismissed as it violates the constitutional and statutory proscriptions against double jeopardy when combined with one of the wanton endangerment, first degree counts. Rogers claims that convictions for both charges require inconsistent findings of fact, as Rogers believes the facts show there was no injury to the victim.

The specific indictments underlying this alleged error read as follows:

COUNT 6

That on or about July 16, 2021, in Logan County, Kentucky, the above-named Defendant committed the offense of Wanton Endangerment, 1st Degree, when under circumstances manifesting extreme indifference to the value of human life, he wantonly engaged in conduct which created a substantial danger of death or serious physical injury to David Taylor, while intoxicated, he physically assaulted Taylor while wearing brass knuckles.

. . . .

COUNT 8

That on or about July 16, 2021, in Logan County, Kentucky, the above-named Defendant, committed the

-4-

offense of Assault, 4th Degree, No Visible Injury, when he intentionally struck David Taylor in the head.

Rogers avers that these charges stemmed from the following allegations in the Uniform Citation, "A third victim was allegedly struck outside of the residence by the suspect multiple times with a set of brass knuckles which caused no known injury to this particular victim."

We briefly address preservation. Rogers claims both constitutional and statutory proscriptions against double jeopardy were violated. Provided there was no express waiver of the constitutional proscriptions against double jeopardy in exchange for some benefit, the constitutional claim may be raised even absent preservation below. *See Kiper v. Commonwealth*, 399 S.W.3d 736, 740 (Ky. 2012), and *Henry v. Commonwealth*, 275 S.W.3d 194, 202 (Ky. 2008), *overruled on other grounds by Rose v. Commonwealth*, 322 S.W.3d 76 (Ky. 2010). The statutory prohibition against double jeopardy, though, can only be reviewed under the palpable error rule of RCr[1] 10.26, as it was not raised below. *Kiper, supra.* Under the palpable error standard "reversal is warranted if a manifest injustice has resulted from the error, which requires a showing of the probability of a different result or error so fundamental as to threaten a defendant's entitlement to due

---

[1] Kentucky Rules of Criminal Procedure.

-5-

process of law." *McGuire v. Commonwealth*, 368 S.W.3d 100, 112 (Ky. 2012) (internal quotation marks and citations omitted).

Regarding the constitutional claims, Rogers' claims are meritless. It is not double jeopardy to be convicted of fourth-degree assault and first-degree wanton endangerment, as each offense requires proof of an element that the other does not. *Matthews v. Commonwealth*, 44 S.W.3d 361, 365 (Ky. 2001) (citing *Commonwealth v. Burge*, 947 S.W.2d 805, 811 (Ky. 1996)).

Regarding the statutory claim, Rogers argues convictions for both charges violated the statutory proscription against double jeopardy, namely inconsistent factual findings. This argument is made pursuant to KRS[2] 505.020(1)(b).[3] Specifically, Rogers claims that the Commonwealth was required to prove that *no* physical injury occurred with the wanton endangerment charge *and* that physical injury did result from the assault charge. And, Rogers claims, the

---

[2] Kentucky Revised Statutes.

[3] That statute provides:

    (1) When a single course of conduct of a defendant may establish the commission of more than one (1) offense, he may be prosecuted for each such offense. He may not, however, be convicted of more than one (1) offense when:

    . . .

        (b) Inconsistent findings of fact are required to establish the commission of the offenses[.]

Uniform Citation states "no known injury" occurred; thus, he assumes, no injury occurred.

That assumption ignores the indictment, which states "No Visible Injury" occurred, but not that no injury at all occurred. To establish physical injury, the Commonwealth need only prove that the victim suffered "substantial physical pain or any impairment of physical condition[.]" KRS 500.080(13).[4] This definition does not require proof of a visible injury. *See, e.g.*, *Hubbard v. Commonwealth*, 932 S.W.2d 381 (Ky. App. 1996) (pain in a hip sufficient to establish physical injury). Being hit in the head with brass knuckles could cause a myriad of conditions that result in substantial, physical pain or impairment of physical condition with no visible injuries; concussions, headaches, and impairments to vision are just three possibilities. The record here is not clear enough to rule out any of these conclusions without additional, fact finding. *Henry*, 275 S.W.3d at 202 ("[W]here, as here, the double jeopardy violation is clear from the record without the need for additional fact finding, a guilty plea does not preclude subsequent relief.").

Likewise, the record supports the claim that at least one of the "multiple" punches could have resulted in no physical injury, thus supporting the

---

[4] This definition of "physical injury" was renumbered to KRS 500.080(16) subsequent to the commission of Rogers' crimes.

wanton endangerment charge. An intoxicated person wantonly flailing a brass-knuckle-clad fist at another person can constitute circumstances manifesting an extreme indifference to human life and create a substantial danger of death or serious, physical injury to the recipient of said brass-clad fist, regardless of whether the blow results in any physical injury.

Accordingly, the record is not clear enough without additional, factual findings to establish a statutory double jeopardy violation. In fact, quite the opposite is true: the indictment, when read in concert with the Uniform Citation, supports separate and consistent findings of fact that would establish the commission of both offenses. Moreover, Rogers waived any right to additional, fact findings by entering an unconditional, guilty plea. Thus, we find no KRS 505.020(1)(b) double jeopardy violation that is palpable. There being no violation of Rogers' state and federal constitutional protections against double jeopardy, and no palpable violation of Rogers' statutory double jeopardy protection, we AFFIRM the judgment and sentence.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Robert C. Yang
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Christopher Henry
Assistant Attorney General
Frankfort, Kentucky