RENDERED:  MARCH 21, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0568-MR

CHARLES RAY SHEPPERSON                                                   APPELLANT

v.          APPEAL FROM TAYLOR CIRCUIT COURT
            HONORABLE SAMUEL TODD SPALDING, JUDGE
            ACTION NO. 13-CR-00172

COMMONWEALTH OF KENTUCKY                                              APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CALDWELL, CETRULO, AND A. JONES, JUDGES.

CETRULO, JUDGE:  Charles Shepperson ("Shepperson"), *pro se*, appeals an order of the Taylor Circuit Court denying his Kentucky Rule of Civil Procedure ("CR") 60.02 motion to amend and/or set aside his 2014 conviction.  For the following reasons, we affirm the circuit court's order.

## BACKGROUND

In October 2013, the Taylor County grand jury indicted Shepperson on two counts of first-degree incest; two counts of first-degree sodomy; and, two counts of first-degree sexual abuse. Shepperson's indictment states that his charges stem from "at least" two separate acts that occurred between May 2013 and June 2013. In exchange for a guilty plea, the Commonwealth recommended a 23-year sentence. In September 2014, Shepperson pled guilty to two counts of first-degree incest; two counts of first-degree sodomy; and, two counts of first-degree criminal abuse. The circuit court sentenced Shepperson to 23 years of imprisonment.

In April 2024, Shepperson filed a *pro se* CR 60.02 motion to amend and/or set aside his 2014 conviction and sentence. Shepperson argued that he was convicted in violation of the double jeopardy clauses of both the Kentucky Constitution and the United States Constitution. Two days later, the circuit court entered its order denying Shepperson's CR 60.02 motion. Now, Shepperson appeals that order.

## ANALYSIS

"The standard of review of an appeal involving a CR 60.02 motion is whether the trial court abused its discretion." *White v. Commonwealth*, 32 S.W.3d 83, 86 (Ky. App. 2000) (citing *Brown v. Commonwealth*, 932 S.W.2d 359, 361

-2-

(Ky. 1996)). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999) (citations omitted).

Shepperson argues that his convictions for incest, sodomy, and sexual abuse constitute a double jeopardy violation, as established by Kentucky and federal law, and, therefore, his convictions/sentence should be amended or set aside. Before we address the circuit court's analysis and the Commonwealth's arguments, we must note that, although he was indicted for first-degree sexual abuse, Shepperson did not plead guilty to first-degree sexual abuse nor was he convicted of first-degree sexual abuse. Instead, he pled guilty to and was convicted of first-degree criminal abuse. His CR 60.02 motion and briefs to this Court are devoid of any argument pertaining to his criminal abuse conviction. As such, our analysis does not touch on first-degree sexual abuse nor first-degree criminal abuse.

The circuit court found that first-degree incest and first-degree sodomy convictions each require proof of a fact that the other does not, and, therefore, do not violate the double jeopardy clauses of the Kentucky or United States Constitutions. The Commonwealth argues that because, on the face of the record, it is impossible to determine whether Shepperson's convictions violated the

double jeopardy clauses, he waived the argument by pleading guilty.[1]  We agree

with both the circuit court and the Commonwealth.

"The double jeopardy clause of the Fifth Amendment to the United States Constitution provides in pertinent part that no person shall 'be subject for the same offen[s]e to be twice put in jeopardy of life or limb.'  Kentucky's Constitution includes a virtually identical provision in § 13." *Commonwealth v. Burge*, 947 S.W.2d 805, 809 (Ky. 1996).  Kentucky Courts have:

> followed the decisions of the Supreme Court of the United States and have interpreted § 13 of the Kentucky Constitution as affording protections which parallel those guaranteed by the Fifth Amendment.  Therefore, the United States Supreme Court's decisions are germane to an analysis of double jeopardy under both the Federal and this Commonwealth's Constitution.

*Id.* (citing *Cooley v. Commonwealth*, 821 S.W.2d 90, 93 (Ky. 1991)).

"[A] defendant is put in double jeopardy when he is convicted of two crimes with identical elements, or where one is simply a lesser-included offense of the other." *Kiper v. Commonwealth*, 399 S.W.3d 736, 742 (Ky. 2012) (internal quotation marks and citation omitted).  "[W]hen a person is charged with two crimes arising from the same course of conduct," the double jeopardy clauses are not violated "as long as each statute 'requires proof of an additional fact which the

---

[1] The Commonwealth also made two procedural arguments, but as we are affirming on the merits, we need not address the Commonwealth's procedural concerns.

other does not.'" *Burge*, 947 S.W.2d at 809 (quoting *Blockburger v. United States*, 284 U.S. 299, 304 (1932)); *see also* Kentucky Revised Statute ("KRS") 505.020(1)(a) and (2)(a).

As the circuit court noted, a conviction for incest requires proof of familial relationship, but a conviction for first-degree sodomy does not require a familial relationship. KRS 530.020; KRS 510.070. Likewise, a conviction for sodomy requires proof of either "sexual intercourse with another person by forcible compulsion; or . . . deviate sexual intercourse with another person who is incapable of consent because he: 1. Is physically helpless; or 2. Is less than twelve (12) years old." An incest conviction does not *require* proof of any of those elements. KRS 510.070; KRS 530.020.[2] In his brief, Shepperson acknowledges the different elements required to prove a first-degree sodomy charge and an incest charge. Accordingly, even if the charges stemmed from a single act, Shepperson could be charged and convicted of incest and sodomy without a double jeopardy violation occurring, because "each statute 'requires proof of an additional fact which the

---

[2] We note that, while KRS 530.020 – the incest statute – contains language regarding forcible compulsion and incapacity, its language applies to the classification of the felony but not does not make up the elements of the crime. *See Johnson v. Commonwealth*, 292 S.W.3d 889, 897 (Ky. 2009), *overruled on other grounds by Ray v. Commonwealth*, 611 S.W.3d 250 (Ky. 2020) (finding that incest does not require proof of age); *see also Sallee v. Commonwealth*, No. 2019-SC-000030-MR, 2020 WL 2831939, *5 (Ky. May 28, 2020) (unpublished opinion cited as merely persuasive authority, not binding, pursuant to Rule of Appellate Procedure 41) ("[S]odomy requires proof of age, . . . [h]owever, age is not an element of the charge of incest, rather the age of a victim changes the classification of the felony for which the defendant can be prosecuted.").

other does not.'" *Burge*, 947 S.W.2d at 809 (quoting *Blockburger*, 284 U.S. at 304).

Here, it does not appear that the charges stem from a single act. While not entirely clear, Shepperson's argument to this Court is that his "convictions were from or for the same offense, based upon identical facts." However, Shepperson's indictment states that his charges stem from "at least" two occasions – between May 2013 and June 2013 – and do not necessarily arise from a single course of conduct. In reverse, the Commonwealth argues that Shepperson waived this double jeopardy claim by entering a guilty plea because it is impossible to determine whether he has a valid claim on the face of the record.

Normally, "[t]he effect of entering a voluntary guilty plea is to waive all defenses other than that the indictment charges no offense." *Parrish v. Commonwealth*, 283 S.W.3d 675, 678 (Ky. 2009) (citing *Quarles v. Commonwealth*, 456 S.W.2d 693, 694 (Ky. 1970)). However, our Supreme Court has observed a rule established by the United States Supreme Court that where "the double jeopardy violation is clear from the record without the need for additional fact finding, a guilty plea does not preclude subsequent relief." *Henry v. Commonwealth*, 275 S.W.3d 194, 202 (Ky. 2008), *overruled on other grounds by Rose v. Commonwealth*, 322 S.W.3d 76 (Ky. 2010) (citing *United States v. Broce*, 488 U.S. 563 (1989)). However, as the Supreme Court of Wyoming noted in

*Redding v. Wyoming*, "[i]f resolution of the claim requires evidence outside the existing record, the claim shall be deemed waived by the guilty or no contest plea." 371 P.3d 136, 144 (Wyo. 2016).[3]

Here, the indictment states that Shepperson's charges originate from at least two separate occasions, but, other than that, the record is bereft of details concerning the acts committed by Shepperson. All that we can truly glean from the record is that Shepperson pled guilty to committing the crimes for which he was convicted, the acts occurred on numerous occasions, and he committed the acts against a juvenile to whom he is related. Because "a series of acts *that are readily distinguishable* [are] not a [single] course of conduct for double jeopardy purposes[,]" and Shepperson's charges arise out of multiple acts, it would be impossible for us to determine whether his double jeopardy claim holds any validity without additional fact finding. *See Spicer v. Commonwealth*, 442 S.W.3d 26, 32-33 (Ky. 2014) (internal quotation marks and citation omitted).

On review, we are not permitted to engage in such fact finding, and, thus, Shepperson waived his double jeopardy claim when he pled guilty. *See Henry*, 275 S.W.3d at 202; *see also Redding*, 371 P.3d at 144 n.3. As such, Shepperson's plea negates his appeal to this Court.

---

[3] The Wyoming High Court cited to 12 United States Circuit Court cases that followed the rule, which is: when the record on its face answers the question as to a double jeopardy claim, then and only then may a reviewing court consider the merits of the claim. *Id*. at 144 n.3.

**CONCLUSION**

Therefore, the circuit court's decision was not "arbitrary, unreasonable, unfair, or unsupported by sound legal principles[,]" and, hence, was not an abuse of discretion. *See English*, 993 S.W.2d at 945. Accordingly, we AFFIRM the order of the Taylor Circuit Court denying Shepperson's CR 60.02 motion.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Charles Ray Shepperson, *pro se*
Burgin, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Christopher Henry
Assistant Solicitor General
Frankfort, Kentucky